42 U.S.C. § 1983 COMPLAINT    3:05CV1105-F
TABLE OF CONTENTS

*RECEIVED*
*2005 NOV 17 A 9:34*

|  | pages/location |
|---|---|
| TABLE OF CONTENTS .................................. | (i) |
| COMPLAINT FORM ..................................... | 4-7 |
| RELIEF REQUESTED ................................... | 7 |
| PLEADING/CLAIMS : | |
|     (i) FACT SEGMENT ...................... | 8-9 |
|     (ii) EQUAL PROTECTION CLAUSE Violation ................... | 9-14 |
|     (iii) EX POST FACTO CLAUSE Violation ................... | 15 |
|     (iv) DEFENDANTS' CAUSATION, PERSONAL INVOLVEMENT & CAPACITY .......... | 16-17 |
| ALA. CODE § 13A-5-9 (2000 amendment) ................ | EXHIBIT : 4 |
| ACT NO 2001-977, (ALA. LEGISLATION) ................. | EXHIBIT : 5 |
| ALA. CODE, § 13A-5-9.1:'RETROACTION APPLICATION OF SECTION 13A-5-9',viz. ACT NO. 2001-977 ....... | EXHIBIT : 6 |
| ACT NO. 2003-354, viz. ALA. SENTENCE REFORM ACT OF 2003 ................... | EXHIBIT : 3 |
| EX Parte State of Alabama.(IN RE Junior Mack Kirby v. State of Alabama) 899 So 2d. 968 (ALA. 2004) ..... | EXHIBIT : 7 |
| INMATES THAT HAVE RECEIVED SENTENCE REDUCTIONS UNDER 13A-5-9.1, EX PARTE KIRBY, (899 So 2d 968 (ALA. 2004)) ................ | EXHIBIT : 8 |
| CASE ACTION SUMMARY SHEET : JEFFERSON CO., ALA.- JAMES EDWARD HENRY- CC 92-4233 ................ | EXHIBIT : 2 |
| CASE ACTION SUMMARY SHEET : TUSCALOOSA CO.,ALA.- JOHN ALLEN BRATTON- CC 95-670 ................. | EXHIBIT : 1 |

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

2005 NOV 17 A 9:34

**TONY EUGENE GRIMES #148206** )
Full name and prison number )
of plaintiff(s) )
                           )
                           )
V.                         )   CIVIL ACTION NO. _____
                           )   (To be supplied by the clerk
**LEE COUNTY CIRCUIT COURT, AL. etal.**  )   of U.S. District Court)
JACOB A. WALKER, III; PAMELA W. )
BASCHAB; H.W. McMILLIAN; SUE BELL )
COBB; A. KELLI WISE; GREG SHAW; )
CHAMP LYONS; DRAYTON NABERS; )
GORMAN HOUSTON; HAROLD SEE; )
JEAN W. BROWN; DOUGLAS I. JOHNSTONE; )
ROBERT B. HARWOOD; LYN STUART; )
THOMAS A. WOODALL; )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal
        court dealing with the same or similar facts involved
        in this action?  YES( )  NO(***)

    B.  Have you begun other lawsuits in state or federal
        court relating to your imprisonment?  YES( )  NO(***)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below. (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) _____

            _____

            Defendant(s) _____

            _____

        2.  Court (if federal court, name the district; if
            state court, name the county) _____

            _____

4

        3.    Docket number _____

        4.    Name of judge to whom case was assigned _____
             _____

        5.    Disposition(for example: Was the case dismissed?
             Was it appealed? Is it still pending?) _____
             _____

        6.    Approximate date of filing lawsuit _____

        7.    Approximate date of disposition _____

II.   PLACE OF PRESENT CONFINEMENT **W.E. DONALDSON, C.F.**
                                        **100 Warrior Lane, Bessemer, Al.35023**

     PLACE OF INSTITUTION WHERE INCIDENT OCCURRED _____

III.  NAME <u>AND ADDRESS</u> OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

           NAME                         ADDRESS

    1.   JACOB A. WALKER, III............2311 Gateway Drive
                                        Opelika, Al. 36801
    2.   Lee County Circuit court,Al.  ......2311 Gateway Dr.,Opelika,
                                                   Al. 36801
    3.   PAMELA W. BASCHAB; H.W. McMILLIAN; SUE BELL COBB; A. KELLI
        WISE; GREG SHAW............ 300 Dexter Ave. ,Montgomery, Al.36130

    4.   CHAMPS LYONS; DRAYTON NABERS; GORMAN HOUSTON; HAROLD SEE;
        JEAN WILLIAM BROWN; DOUGLAS INGE JOHNSTONE; ROBERT B. HARWOOD;
        LYN STUART; THOMAS A. WOODALL ........ 300 Dexter Ave.
                                                   MONTGOMERY, AL. 36104

IV.   THE DATE UPON WHICH SAID VIOLATION OCCURRED: _____
     *February of 2005 & beyond*... SEE ATTACHMENT: FACT(S), PAGE(S)8-9

V.    STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
     THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:
     GROUND ONE: *Ex Post Facto Clause* CLAIM,... see ATTACHED PAGES

5

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

See ATTACHED PAGE(S), esp. 15

GROUND TWO: Equal Protection Clause CLAIM

SUPPORTING FACTS:

See, ATTACHED PAGE(S), esp. 9-14

GROUND THREE: _____

SUPPORTING FACTS: _____

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

\*\*\* The Plaintiff seeks Declaratory Judgment that the Defendants application of law, in reference toward claim(s) within the litigation brought under this suit, are UNCONSTITUTIONAL in consideration of Plaintiff's Rights as held by the Equal Protection Clause &/or Ex Post Facto Clause of the United States Constitution.

\*\*\* The Plaintiff seeks an INJUNCTION to refrain the Defendants from any prospective violations of the Plaintiff's Constitutional Rights in reference with matters litigating the Equal Protection Clause &/or Ex Post Facto Clause claims brought within this action or any in similarity.

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _____.
                              (Date)

_____
Signature of plaintiff(s)

1. This petitioner presents a claim similarly to newly discovered evidence & an 'unequal treatment' in reference to a constitutional equal protection, & cruel and unusual punishment are as follow:

## FACT SEGMENT

2. In the years around 1980, The Alabama Legislature passed (with the Governor's approval), law in the State known as the "Habitual Felony Offender Act", viz. Ala.Code, section §13A-5-9.

3. Within the year 1994, this petitioner was convicted of ATTEMPTED MURDER & sentenced to "Life Without The Possibility of Parole" under the section of Ala.Code 13A-5-9(c)(3), which mandated such sentence for a convicted offender of a Class "A" felony, who having three prior felony convictions. (No other criteria existed in reference to that statute section).

4. May of 2000, the Legislature passed into law (with the Governor's approval), an amendment to §13A-5-9(c)(3) to allow the trial court(s) discretion within imposing a sentence of "Life"(with paroling), or, "Life without the possibility of paroling", plus adding two (2) more criterias, viz. 'None of the prior convictions could be a class "A" & law was applied prospectively. (see, Exhibit 4);

5. September of 2001, the Legislature/Governor passed law retroacting year 2000 amendment of section §13A-5-9(c)(3) for implementation by the trial court(s)(sentencing court(s) for the state), then, adding a criteria entailing consideration of non-violent offender(s) along with input from the Department of Corrections & parole board (if feasible). This section became known as §13A-5-9.1. (see, Exhibit 5 & 6);

**6.** June of 2003, the Legislature/Governor signed law what is cited as the 'Alabama Sentencing Reform Act of 2003', i.e. Act No. 2003-354 in which defined and class what is a non-violent offender versus violent offender. (see, attached Exhibit __3__).

**7.** August of 2004, the Supreme Court of Alabama instructed the trial court(s) to address as well as utilize the passed law entitled under §13A-5-9.1 with its precedent of <u>Ex parte State of Alabama (In Re Junior Mack Kirby V. State of Alabama)</u> 899 So.2d 968 ; (see, Exhibit __7__);

**8.** Around __OCTOBER__ of __2004__, the petitioner filed motion(s) in which re-initiated consideration of what range of punishment the trial court was to decide. The Circuit Court of __LEE__ County, Alabama denied relief, as to the mitigated sentence of 'life' (with paroling), due to it asserted the petitioner was not classed in the non-violent criteria. (jurisdiction via precedent involving §13A-5-9.1);

**9.** Within the period from __MAY/JUNE__ of 2005 to the present, the petitioner has discovered several similarly situated convict(s) not classed in the non-violent criteria that has been deliberately granted the relief of a "life" Sentence (with the chance of parole) from " life without the possibility of paroling", viz. 'Michael Lang', (Jefferson County Circuit Court); 'James Henry', (Jefferson County Circuit Court); Edward Eugene Penn, (Jefferson County Circuit Court); 'Darryl Wilson', (Jefferson County Circuit Court); etc., By the trial court of the State pursuant to Ala.Code, section §13A-5-9.1, and its coupling of the amended section of §13A-5-9(c)(3) in the year 2000. [see, ATTACHED AS Exhibit: I & II, viz. RECORDS ~ (JOHN ALLEN BRATTON, CC-95-670, TUSCALOOSA CO., AL., ROBBERY 1st;)(JAMES EDWARD HENRY, CC-92-4233, JEFFERSON CO.,AL., ROBBERY 1st.)]

<u>CLAIM SEGMENT</u>

Foremost, Alabama Law has defined & classed non-violent offenders as well as violent offenders with passing Act No.2003-354. (see, Exhibit __3__).

9.

10. The petitioner proffer 'unequal treatment' under Ala.Code §13A-5-9.1 gives the way for a valid claim as to a violation of the equal protection & cruel and unusual punish· where convicted felons of class "A" offense(s) that had three (3) previous felony convictions (none being that of a class "A"), received resentencing to "life" from "life without parole" when the petitioner was denied the very same treatment after both the petitioner plus these convicted felons under Alabama law of §13A-5-9(c)(3),viz. Michael Lang, (Trafficking pursuant section 13A-12-231, Ala.Code) Jefferson County Circuit Court, Alabama; James Henry, (Robbery pursuant sec.13A-8-41, Ala.Code) Jefferson County Circuit Court, Alabama; Edward Eugene Penn, (Robbery pursuant sec. 13A-8-41, Ala.Code) Jefferson County Circuit Court,Alabama; Darryl Wilson, (Trafficking pursuant sec.13A-12-231, Ala.Code) Jefferson County Circuit Court, Alabama, are classified as inapposite the non-violent offender category of the State.(see,Exhibit: I&II); (see,Exhibit: 8 );

11. Due to the petitioner, Michael Lang, James Henry, Edward Eugene Penn, & Darryl Wilson,(not to exclude there are other yet discovered that this unequal treatment apply), are classed as a violent offender, it is offered as undisputable the law was unequally carried out when the petitioner was denied relief of the "life" sentence from"life without parole", because he was not a non-violent offender as stated by the trial court in his case, as oppose the relief in sentencing that was granted to the other above mentioned in this paragraph, using the same laws, viz. Mr.Lang,Mr.Henry, Mr.Penn & Mr.Wilson,etc.

   A valid claim of unequal treatment entails a equal protection claim in <u>Yick Wo V. Hopkins</u>, 118 U.S. 356, where:

> The "law...applied & administered by public authority with
> an ... unequal hand, so as ... to make unjust and illegal
> discriminations between persons in similar circumstances"...

**12.** The distinction, or discrimination, that has the Circuit Court to disfavor the plaintiff, it seems, is resultant the language of within <u>Ex parte State of Alabama</u> (<u>In Re Junior Mack Kirby V. State,of Alabama</u>) delivered by the Alabama Supreme Court, in pertinent parts:

> "... That a sentencing Judge...can resentence only two narrowly defined classes of Habitual Offenders: Those who had been resentenced to...Mandatory provisions of the HFOA'...'moreover of thos Habitual Offenders, The **JUDGE CAN RESENTENCE ONLY THOSE WHO ARE NONVIOLENT OFFENDERS.**¶

see, <u>Kirby,id.</u> at Section : III. C. "Vagueness analysis'; The plaintiff proffers the above as the discrimination against him, when the Legislature enactment of law under §13A-5-9.1 does not mandate prohibition of retrospective application of §13A-5-9 to one that is not a nonviolent offender, for it states only, in pertinent parts:

> "...The provisions of section 13A-5-9 of the Code of Alabama 1975, shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of pardons and Paroles and submitted to the Court."

see, Ala.Code, 13A-5-9.1; Because of language in <u>Kirby</u> the Circuit Court follows, as oppose &, instead of the Legislature's statutory language of 13A-5-9.1, the Circuit Court differentiated with discernment this plaintiff. as ineligible for the benefits available under the retrospect law 13A-5-9.1.

11.

13. It is fact other Circuit Court, such as Tuscalossa County & Jefferson County as within the case of: John Allen Bratton & James Edward Henry (Exhibit I,II), used 13A-5-9.1 to grant those convicts the relief, the same relief sought by this plaintiff. Under the "Sentencing Reform Act of 2003", viz. Act No. 2003-354, The law is cemented that this plaintiff and the other convict(s) named, from the adjacent counties of this State, are class as inapposite of the phrase "non-violent", yet the discrimination offered in <u>Kirby</u> did not influence those courts to deny relief as we have with this plaintiff. (see, Exhibit __8__);

'The United States Supreme Court' and Appellate Courts of This State holds:

> "...When the laws lays an unequal hand on those who have committed intrinsically the same quality of offense & Sterilizes one & not the other, it has made as an invidious a discrimination as if had selected a particular race or nationality for oppressive treatment".

see, <u>McLaughlin V. State of Florida</u>, 379 U.S. 184,194, 13 L.Ed 2d 222 (1964); also, <u>opinion of the Justices</u>. 410 So.2d 60,61 (Ala.1982); to further this unequal treatment into an equal protection claim, the Alabama Appellate Courts hold "any law with respect to the punishment to be given must operate equally on every citizen or inhabitant of the state, and a statute is void as a denial of equal protection of the laws which prescribes a different punishment or different degrees of punishment for the same... persons in like situations".see, <u>Opinion of The Justices</u>, id. at 61; <u>Webb V. State</u>, 539 So.2d 343,345 (Al.Cr.App.1987); <u>Ex parte Zimmerman</u>, 838 So.2d 408,411 (Al.2002);

12.

**14.** 'The Alabama Supreme Court' in <u>Ex parte Zimmerman</u>, id. Adopted the holdings of the Court of Criminal Appeals of Alabama where it affirmed the trial court denial of Zimmerman's challenge to the year 2000 Amendment of 13A-5-9(c)(3) as violating the equal protection clause when the amendment was applied only prospectively upon enactment. That court acknowledged the Legislature provided a specific section **within the amendment** which prohibit any inference or consideration that that law had an retrospective affect, or afforded any legal avenues of petition for those sentences final before the amendment enactment. That court also acknowledged the amendment created two different classes of offenders under 13A-5-9(c)(3).

**15.** Within <u>Brook V. State,</u> 622 So.2d 447 (1993), 'The Court of Criminal Appeals of Alabama' reversed & remanded the trial court's denial of Brooks challenge to the 1991 amendment to the Alabama Correction Incentive Time Act as violative of the equal protection Clause, where state officials prohibited Brooks from Good-Time consideration due to a section of the amendment barred sex offender from retrospective application to amendment that was sentence to 15 years and below before the passage of the amendment. That court observed the amendment's prospective application permitted good time benefits to similar class of sex offenders in which Brooks belong and did not accept the state's rational for barring former class of inmates Brooks belong because the Legislature did not barr the latter class of sex offenders similar situated to Brooks, within amendment enactment retroaction.

**16.** This plaintiff points to <u>Ex parte Zimmerman</u>, id. & <u>Brooks</u>, id., as binding authority to his equal protection challenge to show the Appellate Courts observe that the Legislature made its language plain in one case that a prohibition of retrospect was to exist and in another, that where the Legislature does not or did not mandate any prohibition(s), one should not be imposed.

17. The Legislature did not imperatively instruct the courts to barred application of 13A-5-9.1 to anyone that is not considered a nonviolent offender and the Tuscaloosa County Circuit Court, Jefferson County Circuit Court & others has used 13A-5-9.1 to grant relief, as in exhibit I & II attached to this document, to convicted felons that are not classed as nonviolent under Alabama's laws. (see, Exhibit 8 );

18. To deny this plaintiff relief on the basis that his classification is ineligible, when simiarly situated in his classification has been afforded relief, implements a violation of the equal protection clause, without the rationale of why some gain the benfits while other in congruency is denied the benfits by the Courts, not the Legislatures Enactment.

As to the Language of Kirby implying, or, stating an instruction that 13A-5-9.1 was to only apply to nonviolent offender, when in fact Legislative language of 13A-5-9.1 does not relay one word barring or denying the retroaction held within the statute to those thatare not clasified as nonviolent offenders,'The United States Supreme Court' in the precedent of Badaracco V. Commissioner of Internal Revenue, 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549(1984) holds:

> "...Courts are not authorized to rewrite a statute because they might deem it effects susceptible of improvement."

see, Badaracco, id. 464 U.S. 386,398, 104 S.Ct 756,764; also, TVA V. Hill, 437 U.S. 153, 194-195, 57 L.Ed 2d 117, 98 S.Ct 2279 (1978); Wright V. Secretary For Department of Corrections, 278 F.3d 1245,1255 (11th.Cir.2002);

14.

## CLAIM SEGMENT: EX POST FACTO CLAUSE VIOLATION

19. The Petitioner/Plaintiff contends the respondent/defendants violation the EX POST FACTO CLAUSE of the Constitution, where said defendants retrospectively used a new punitive measurement, i.e. restrictive criteria that the petitioner need to be a "NON-VIOLENT CONVICTED OFFENDER", to penalize him from the beneficial affects offer under Ala. Code §13A-5-9.1:

20. The EX POST FACTO CLAUSE VIOLATION occur where the Defendants moved to retroact the year 2000 amendment of §13A-5-9(c)(3) to the petitioner, along with the use of a new punitive measure criteria that one has to be "NON-VIOLENT CONVICTED OFFENDER", in which the new criteria hamstrung the petitioner by making the benefits of the amended version of §13A-5-9(c)(3) unavailable and eliminating such from the petitioner, due to retrospective use of the new punitive measure restriction of "NON-VIOLENT CONVICTED OFFENDER", VIEWED with its hindsight application, deemed that the petitioner to be inapposite. Thus, barring the retroaction of §13A-5-9(c)(3)(2000 amendment).

21. The criteria that the petitioner must be a "NON-VIOLENT OFFENDER" is a new punitive criteria applied to past events, i.e. retroactivated, that was not present in the Ala. Code section, §13A-5-9(c)(3) when the petitioner was sentenced!

22. The Plaintiff proffers that the retrospective use of the new punitive measure that impose a restriction upon the Plaintiff, to bar the benefit he would receive under the amended version of §13A-5-9(c)(3), due to being CLASSED inapposite of "NON-VIOLENT CONVICTED OFFENDER", is a form of extended unfavorable treatment to the Plaintiff that is akin to the increase of punishment proscribed by the EX POST FACTO Clause of the Constitution, for, the new punitive restriction criteria is a latter appendage with the retroaction/retroactive affect that has PENALIZED the Plaintiff for not being in a class,( or, being in a certain class), that was not available NOR required at the original imposition of penalty, NOR at the time when §13A-5-9(c)(3) was amended. Thus, the new punitive measure used by Defendants that one must be a "NON-VIOLENT CONVICTED OFFENDER"& applied in the retrospective hindsight against this Plaintiff to bar the beneficial treatment retroacted under the amended §13A-5-9(c)(3), is a violation of EX POST FACTO CLAUSE due to the extended unfavorable treatment equals increase in punitive/punishment through its latter application & affects!

DEFENDANT: CAUSATION, PERSONAL INVOLVEMENT & CAPACITY    :

**23.** (Defendant) [Judge] Jacob A. Walker, III is being sued in his official & individual capacity due to direct participation & failure to act to correct State statute being used in an UNCONSTITUTIONAL manner that violated the EX POST FACTO Clause of the Constitution, &, allowing such to create an EQUAL PROTECTION Clause violation of the Constitution where statute construed by other Defendants produces discrimination amongst similar situated /classed convicted felons, in which does not serve a legitimate State interest or purpose.

**24.** (Defendants) [Judge(s)]: Pamela W. Baschab, H.W. McMillian, Sue Bell Cobb, A. Kelli Wise, &, Greg Shaw are being sued in their official & individual capacity due to direct participation & failure toact to correct State statute being used in an UNCONSTITUTIONAL manner that violates the EX POST FACTO Clause of the Constitution, &, allowing such to violate the EQUAL PROTECTION Clause of the Constitution where statute construed by other Defendants produces discrimination amongst similar classed convicted felons, in which does not serve a legitimate State interest or purpose.

**25.** (Defendants) [Judge(s)]: Champ Lyons, Drayton Nabers, Gorman Houston, Harold See, Jean William Brown, Douglas Inge Johnstone, Robert B. Harwood, Lyn Stuart, &, Thomas A. Woodall are being sued in their official & individual capacity due to direct participation & failure to act where State statute is being used in UNCONSTITUTIONAL manner to violation the EX POST FACTO Clause section of the Constitution, &, for their creating an EQUAL PROTECTION Clause violation of the Constitution, by construing the statute, that produces discrimination amongst similarly classed convicted felons, in which does not serve a legitimate State interest or purpose.

**26.** (Defendant): 'Lee county Circuit Court, Alabama' is being in its official & individual capacity due to the policy statement, regulation & decision officially adapted & promulgated by its policy making & establishing under :(Def.)-[Judge] Jacob A. Walker, III.

16.

**PER SE   PERSONAL INVOLVEMENT , DIRECT PARTICIPATION &/OR FAILURE TO ACT :**

**27.** (DEFENDANT) [JUDGE]: JACOB A. WALKER, III, is the Presiding Judge of the Lee County Circuit Court, Al. and was in position to decree its prior Judgment under Ala. Code §13A-5-9.1, as UNCONSTITUTIONAL in reference to the clearly established law tendering the Equal Protection Clause, where unequal treatment produce discriminatory application of that statute to similarly situated/classed convicted felons under §13A-5-9(c)(3), &/or, was in position to decree its prior Judgment of the statute §13A-5-9.1, as UNCONSTITUTIONAL in reference to the clearly established law tendering the EX POST FACTO Clause, where a new criteria being applied with retrospectived view was akin to increase in punishment, when the Plaintiff presented these Constitutional question(s)/issues to this Defendant.

**28.** (Defendant(s))[JUDGE]: BASCHAB, McMILLIAN, COBB, SHAW, & WISE are Judges at the intermediary Appellate Court level of the State and all unanimously failed to act in resolving the Plaintiff's Constitutional Question(s)/Issues in reference to Ala. Code §13A-5-9.1 being UNCONSTITUTIONAL as clearly established law dictates under the Equal Protection Clause, &/or, the Ex Post Facto Clause where Plaintiff presented to these Defendants the matter of the new criteria being applied retrospectively was akin to increase in punishment, in which was prohibited, and, entailing the matter for Their resolution that unequal treatment was result of discriminatory application of the statute, when the Plaintiff submitted an appeal to Defendant(s).

**29.** (Defendant(S))[Judge(S)]: LYONS, NABERS, HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, STUART, & WOODALL are Judges at the State's Highest Court and unanimously produced a reaction in which invoked the other Defendants to participate in an UNCONSTITUTIONAL tendering of the statute Ala. Code §13A-5-9.1, that is prohibit by the Ex Post Facto Clause of the Constitution, by retroacting a new criteria, that is akin to increased punishment, &/or, producing an UNCONSTITUTIONAL affect resulting in unequal treatment of similarly situated/ classed convicted felons that is discriminatory in its application. These said Defendants has failed to entertain the Plaintiff redress to correct &/or address these matters.