```
1    HB489
2    55606-6                                    ACT No. 2003-354
3    By Representative Black (M)
4    RFD: Judiciary
5    First Read: 03-APR-03
```

RECEIVED JUN 16 2003 GOVERNOR'S OFFICE

Exhibit III

HB489

1  mandatory period of post-release supervision and an additional
2  period of incarceration that can be imposed pursuant to rules
3  and regulations of the Department of Corrections.
4  BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
5    Section 1. This act shall be known and may be cited
6  as the Alabama Sentencing Reform Act of 2003.
7    Section 2. Statement of purpose.
8    (a) It is essential that Alabama manage its criminal
9  justice system in the manner best able to protect public
10 safety and make the most effective and efficient use of
11 correctional resources. Based on the findings and
12 recommendations of the Alabama Sentencing Commission, the
13 Legislature finds that all of the following are necessary to
14 protect public safety by providing a fair, effective, and
15 efficient criminal justice system:
16    (1) Voluntary sentencing standards used to guide
17 judicial decision makers in determining the most appropriate
18 sentence for convicted felony offenders.
19    (2) The abolition of traditional parole and good
20 time credits for convicted felons.
21    (3) The availability of a continuum of punishment
22 options.
23    (b) The Legislature further finds, based on the
24 findings and recommendations of the sentencing commission,

HB489

1      (5) INITIAL VOLUNTARY STANDARDS. The voluntary
2  sentencing standards that become effective on October 1, 2004.
3  These standards shall be based on statewide historic sentences
4  imposed with normative adjustments designed to reflect current
5  sentencing policies.
6      (6) NONVIOLENT OFFENDER. Any offender who does not
7  qualify as a violent offender pursuant to subdivision (12).
8      (7) OFFENDER. A person convicted of a noncapital
9  felony offense.
10      (8) RELEASE AUTHORITY. Any public official, agency,
11  or other entity authorized by law to release a sentenced
12  offender from incarceration or other conditions of a sentence.
13      (9) RISK ASSESSMENT. An instrument designed to
14  assess an offender's relative risk for reoffending.
15      (10) TRUTH-IN-SENTENCING STANDARDS. The voluntary
16  sentencing standards that become effective October 1, 2006.
17  These standards shall be based on statewide historic time
18  served for offenses with adjustments designed by the
19  commission to reflect current sentencing policies.
20      (11) UNDER SUPERVISION. All offenders under the
21  supervision of any criminal justice agency or program
22  including, but not limited to, any of the following entities:
23      a. The Alabama Department of Corrections.
24      b. State or county probation offices.

         c. Community corrections programs <u>pursuant to Alabama Community Corrections Act of 1991</u>.

         d. Jails.

         e. State or local law enforcement agencies.

         f. Any court.

         (12) VIOLENT OFFENDER. A violent offender is an offender who has been convicted of a violent offense, or who is determined by the trial court judge or a release authority to have demonstrated a propensity for violence, aggression, or weapons related behavior based on the criminal history or behavior of the offender while under supervision of any criminal justice system agency or entity.

         (13) VIOLENT OFFENSE.

         a. For the purposes of this act, a violent offense includes each of the following offenses, or any substantially similar offense to those listed in this subdivision created after the effective date of this act:

         1. Capital murder pursuant to Section 13A-6-2 <u>and 13A-5-40</u>, Code of Alabama 1975.

         2. Murder pursuant to Section 13A-6-2, Code of Alabama 1975.

         3. Manslaughter pursuant to Section 13A-6-3, Code of Alabama 1975.

         4. Criminally negligent homicide pursuant to Section 13A-6-4, Code of Alabama 1975.

1   5. Assault I pursuant to Section 13A-6-20, Code of
2   Alabama 1975.
3   6. Assault II pursuant to Section 13A-6-21, Code of
4   Alabama 1975.
5   7. Compelling street gang membership pursuant to
6   Section 13A-6-26, Code of Alabama 1975.
7   8. Kidnapping I pursuant to Section 13A-6-43, Code
8   of Alabama 1975.
9   9. Kidnapping II pursuant to Section 13A-6-44, Code
10  of Alabama 1975.
11  10. Rape I pursuant to Section 13A-6-61, Code of
12  Alabama 1975.
13  11. Rape II pursuant to Section 13A-6-62, Code of
14  Alabama 1975.
15  12. Sodomy I pursuant to Section 13A-6-63, Code of
16  Alabama 1975.
17  13. Sodomy II pursuant to Section 13A-6-64, Code of
18  Alabama 1975.
19  14. Sexual torture pursuant to Section 13A-6-65.1,
20  Code of Alabama 1975.
21  15. Sexual abuse I pursuant to Section 13A-6-66,
22  Code of Alabama 1975.
23  16. Enticing a child to enter a vehicle for immoral
24  purposes pursuant to Section 13A-6-69, Code of Alabama 1975.

HB489

1. 17. Stalking pursuant to Section 13A-6-90, Code of Alabama 1975.

2. 18. Aggravated stalking pursuant to Section 13A-6-91, Code of Alabama 1975.

3. 19. Soliciting a child by computer pursuant to Section 13A-6-110, Code of Alabama 1975.

4. 20. Domestic violence I pursuant to Section 13A-6-130, Code of Alabama 1975.

5. 21. Domestic violence II pursuant to Section 13A-6-131, Code of Alabama 1975.

6. 22. Burglary I pursuant to Section 13A-7-5, Code of Alabama 1975, unless the offender enters the dwelling without a weapon or other dangerous instrument and does not use or threaten to use a weapon or dangerous instrument against another person during the commission of the offense.

7. 23. Burglary II pursuant to subsection (a) of Section 13A-7-6, Code of Alabama 1975.

8. 24. Burglary III pursuant to Section 13A-7-7, Code of Alabama 1975, if the intent is to commit a violent offense.

9. 25. Arson I pursuant to Section 13A-7-41, Code of Alabama 1975.

10. 26. Criminal possession of explosives pursuant to Section 13A-7-44, Code of Alabama 1975.

11. 27. Extortion I pursuant to Section 13A-8-14, Code of Alabama 1975.

HB489

1   28. Robbery I pursuant to Section 13A-8-41, Code of
2   Alabama 1975.
3   29. Robbery II pursuant to Section 13A-8-42, Code of
4   Alabama 1975.
5   30. Robbery III pursuant to Section 13A-8-43, Code
6   of Alabama 1975.
7   31. Pharmacy robbery pursuant to Section 13A-8-51,
8   Code of Alabama 1975.
9   32. Terrorist threats pursuant to Section 13A-10-15,
10  Code of Alabama 1975.
11  33. Escape I pursuant to Section 13A-10-31, Code of
12  Alabama 1975.
13  34. Promoting prison contraband I pursuant to
14  Section 13A-10-36, Code of Alabama 1975, involving a deadly
15  weapon or dangerous instrument.
16  35. Intimidating a witness pursuant to Section
17  13A-10-123, Code of Alabama 1975.
18  36. Intimidating a juror pursuant to Section
19  13A-10-127, Code of Alabama 1975.
20  37. Treason pursuant to Section 13A-11-2, Code of
21  Alabama 1975.
22  38. Discharging a weapon into an occupied building,
23  dwelling, automobile, etc. pursuant to Section 13A-11-61, Code
24  of Alabama 1975.

1        39. Promoting prostitution I pursuant to Section
2  13A-12-111, Code of Alabama 1975.
3        40. Production of obscene matter involving a minor
4  pursuant to Section 13A-12-197, Code of Alabama 1975.
5        41. Trafficking pursuant to Section 13A-12-231, Code
6  of Alabama 1975.
7        42. Child abuse pursuant to Section 26-15-3, Code of
8  Alabama 1975.
9        43. Elder abuse pursuant to Section 38-9-7, Code of
10 Alabama 1975.
11       44. Terrorism pursuant to Section 13A-10-152, Code
12 of Alabama 1975.
13       45. Hindering prosecution for terrorism pursuant to
14 Section 13A-10-154, Code of Alabama 1975.
15       46. Any substantially similar offense for which an
16 Alabama offender has been convicted under prior Alabama law or
17 the law of any other state, the District of Columbia, the
18 United States, or any of the territories of the United States.
19       b. The basis for defining these offenses as violent
20 is that each offense meets at least one of the following
21 criteria:
22       1. Has as an element, the use, attempted use, or
23 threatened use of a deadly weapon or dangerous instrument or
24 physical force against the person of another.

2. Involves a substantial risk of physical injury against the person of another.

3. Is a nonconsensual sex offense.

4. Is particularly reprehensible.

~~c. After the effective date of this act, any bill introduced in the Legislature that modifies or establishes a felony offense in the state, before passage, shall be submitted to the Alabama Sentencing Commission for the recommendation of the commission, including a recommendation of whether the commission considers the offense to be violent or nonviolent.~~

~~d.~~ c. Any attempt, conspiracy, or solicitation to commit a violent offense shall be considered a violent offense for the purposes of this act.

Section 4. To achieve the goals recognized by the Legislature in Chapter 25 of Title 12, Code of Alabama 1975, and Section 2, the commission shall:

(1) Develop, maintain, and modify as necessary a system of statewide voluntary sentencing standards for use in felony cases which shall take into account historical sentencing data, concerning time actually served for various felony offenses, sentences imposed for various felony offenses, and such other factors as appear historically relevant to determining both the duration and disposition of sentences in felony cases. The standards shall recognize a

original offense and the intervening conduct of the offender, either of the following:

    a. That no measure short of confinement will adequately protect the community from further criminal activity by the offender.

    b. That no measure short of confinement will avoid depreciating the seriousness of the violation.

    c. In lieu of a formal hearing, the Board of Pardons and Paroles may issue a standing order authorizing supervising officers to impose the sanctions listed in subdivisions (1), (2), or (3) of this subsection or any pre-approved sanction that does not include a period of confinement. All instances of non-compliance and disciplinary actions shall be immediately reported to the Board of Pardons and Paroles.

    Section 11. This act shall become effective immediately following its passage and approval by the Governor, or its otherwise becoming law.

HB489

*[Signature]*
Speaker of the House of Representatives

*[Signature: Lucy Baxley]*
President and Presiding Officer of the Senate

House of Representatives
I hereby certify that the within Act originated in and was passed by the House 29-APR-03, as amended.

Greg Pappas
Clerk

| | | |
|---|---|---|
| Senate | 16-JUN-03 | Amended and Passed |
| House | 16-JUN-03 | Concurred in Senate Amendment |

APPROVED 6-20-03
TIME 2:54 PM
Bob Riley



Page 27

Alabama Secretary Of State
Act Num...: 2003-354