1736

Talladega County may determine which future projects are appropriate for the expenditure of interest earned on funds held in the trust account. No expenditures shall be made from the Special Tax Trust Fund until after the expiration of five years from the establishment of the trust account. After such time only the interest on the Special Tax Trust Fund may be expended on projects and/or the financing of projects, including bonded indebtedness, submitted to the Talladega County legislative delegation for approval.

b. Revenues currently in the Debt Retirement Fund provided for in Act 91-533 which are not needed to retire current indebtedness shall be distributed as follows: 1. The first one hundred thousand dollars ($100,000) to purchase vehicles for the Talladega County Sheriff's Department.

2. The balance remaining shall be divided and equally distributed in a lump sum for the purposes addressed above in subdivisions (2) and (4).

c. The Talladega County Economic Development Authority shall act in an advisory capacity to the Talladega County legislative delegation in regard to expenditures from the Talladega County Special Tax Trust Fund. The authority shall report to the legislative delegation annually beginning September 1, 2000, and shall issue additional reports at other times when requested by the delegation.

"Section 13. No portion of the Talladega County Special Tax Fund can be transferred to any other fund of Talladega County or pledged to satisfy any other obligation of Talladega County inconsistent with this act."

Section 2. Sections 12, 14 and 16 of Act 91-533, 1991 Regular Session (Acts 1991, p. 948) are repealed.

Section 3. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.

Approved May 25, 2000

Time: 12:59 P.M.

Act No. 2000-759    H. 30 – Rep. Newton (D)

───────

AN ACT

To amend Section 13A-5-9 of the Code of Alabama 1975, relating to persons sentenced as habitual offenders, and Section 15-18-8 of the Code of Alabama 1975, relating to imposition of the minimum term of imprisonment or fine and probation; to provide further for eligibility consideration; and in connection therewith would have as its purpose or effect the requirement of a new or increased expenditure of local funds within the meaning of Amendment 621 of the Constitution of Alabama of 1901.

1737

Be It Enacted by the Legislature of Alabama:

Section 1. Section 13A-5-9 of the Code of Alabama 1975, is amended to read as follows:

"§13A-5-9.

"(a) In all cases when it is shown that a criminal defendant has been previously convicted of a felony and after the conviction has committed another felony, he or she must be punished as follows:

"(1) On conviction of a Class C felony, he or she must be punished for a Class B felony.

"(2) On conviction of a Class B felony, he or she must be punished for a Class A felony.

"(3) On conviction of a Class A felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.

"(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he or she must be punished as follows:

"(1) On conviction of a Class C felony, he or she must be punished for a Class A felony.

"(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or for any term of not less than 99 years but not less than 15 years.

"(3) On conviction of a Class A felony, he or she must be punished by imprisonment for life or for any term of not less than 99 years.

"(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:

"(1) On conviction of a Class C felony, he or she must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years.

"(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years.

"(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court.

1738

"(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole."

Section 2. Section 15-18-8 of the Code of Alabama 1975, is amended to read as follows:

"§15-18-8.

"(a) When a defendant is convicted of an offense and receives a sentence of 20 years or less in any court having jurisdiction to try offenses against the State of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he or she may order:

"(1) That the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding three years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for such period and upon such terms as the court deems best. In cases involving an imposed sentence of greater than 15 years, but not more than 20 years, the sentencing judge may order that the convicted defendant be confined in a prison, jail-type institution, or treatment institution for a period not exceeding five years, but not less than three years, during which the offender shall not be eligible for parole or release because of deduction from sentence for good behavior under the Alabama Correctional Incentive Time Act, and that the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for the period upon the terms as the court deems best.

"(2) That the convicted defendant may be confined, upon consultation with the Commissioner of the Alabama Department of Corrections (hereinafter called department) in a disciplinary, rehabilitation, conservation camp program (hereinafter called program) of the department. The convicted defendant shall be received into the department in accordance with applicable department rules and regulations and may be placed in the program after completion of this initial reception. The program shall be not less than 90 days nor more than 180 days in duration and shall be operated in accordance with department rules and regulations and as otherwise provided for by law. The commissioner of the department or his or her designee shall report to the sentencing court of each convicted defendant whether or not the convicted defendant completes or does not complete the program with any additional information that the commissioner or his or her designee shall wish to provide the court. Upon receipt of this

1739

report, the sentencing court may, upon its own order, suspend the remainder of the sentence and place the convicted defendant on probation as provided herein or, order the convicted defendant to be confined to a prison, jail-type institution, or treatment institution for a period not to exceed three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation for such period and upon such terms as the court deems best. If the sentencing court imposes additional confinement, as outlined above, credit shall be given for the actual time spent by the convicted defendant in the program. Conviction of an offense or prior offense of murder, rape first degree, kidnapping first degree, sodomy first degree, enticing a child to enter vehicle, house, etc., for immoral purposes, arson first degree, robbery first degree, and sentencing of life without parole will not be eligible for this program. It shall be the duty of the joint prison committee as established by Sections 29-2-20 to 29-2-22, inclusive, to annually review the operation of the program and report their findings to the Alabama Legislature.

"(b) Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

"(c) Regardless of whether the defendant has begun serving the minimum period of confinement ordered under the provisions of subsection (a), the court shall retain jurisdiction and authority throughout said period to suspend that portion of the minimum sentence that remains and place the defendant on probation, notwithstanding any provision of the law to the contrary and the court may revoke or modify any condition of probation or may change the period of probation.

"(d) While incarcerated or on probation and among the conditions thereof, the defendant may be required:

"(1) To pay a fine in one or several sums;

"(2) To make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had; and

"(3) To provide for the support of any persons for whose support he or she is legally responsible.

"(e) The defendant's liability for any fine or other punishment imposed as to which probation is granted shall be fully discharged by the fulfillment of the terms and conditions of probation.

1740

"(f) During any term of probation, the defendant shall report to the probation authorities at such time and place as directed by the judge imposing sentence.

"(g) No defendant serving a minimum period of confinement ordered under the provisions of subsection (a) shall be entitled to parole or to deductions from his or her sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered; provided, however, that this subsection shall not be construed to prohibit application of the Alabama Correctional Incentive Time Act to any period of confinement which may be required after the defendant has served such minimum period."

**Section 3.** The provisions of Sections 1 and 2 shall be applied prospectively only and shall apply only to any case in which the sentence is not final at the trial court on the effective date of this act. Sections 1 and 2 shall not be construed to create a right of any person currently serving a term of imprisonment imposed pursuant to Section 13A-5-9, Code of Alabama 1975, prior to the effective date of this amendatory act to petition the parole board or court for review of his or her sentence based on Section 13A-5-9, Code of Alabama 1975, as amended.

**Section 4.** Although this bill would have as its purpose or effect the requirement of a new or increased expenditure of local funds, the bill is excluded from further requirements and application under Amendment 621 because the bill defines a new crime or amends the definition of an existing crime.

**Section 5.** This act shall become effective immediately upon its passage and approval by the Governor, or its otherwise becoming a law.

Approved May 25, 2000
Time: 12:35 P.M.

Act No. 2000-760                                    H. 115 – Rep. Hall (L)

———

AN ACT

To authorize an emergency medical services provider to take possession of certain abandoned children; to authorize the emergency medical services provider to notify the Department of Human Resources that the provider has taken possession of the child; to provide for an affirmative defense to the crime of abandonment; to provide for the payment of certain medical expenses; and to provide for immunity of liability.

*Be It Enacted by the Legislature of Alabama:*

**Section 1.** (a) An emergency medical services provider, without a court order, shall take possession of a child who is 72

1741

hours old or younger if the child is voluntarily delivered to the provider by the child's parent and the parent did not express an intent to return for the child.

(b) An emergency medical services provider who takes possession of a child under this section shall perform any act necessary to protect the physical health or safety of the child.

**Section 2.** (a) No later than the close of the first business day after the date on which an emergency medical services provider takes possession of a child pursuant to Section 1, the provider shall notify the Department of Human Resources that the provider has taken possession of the child.

(b) The department shall assume the care, control, and custody of the child immediately on receipt of notice pursuant to subsection (a). The department shall be responsible for all medical and other costs associated with the child and shall reimburse the hospital for any costs incurred prior to the child being placed in the care of the department.

**Section 3.** It is an affirmative defense to prosecution under Sections 13A-13-4, 13A-13-5, and 13A-13-6, Code of Alabama 1975, if the parent voluntarily delivers the child to an emergency medical services provider pursuant to Section 1.

**Section 4.** For the purposes of this act, an emergency medical services provider shall mean a licensed hospital, as defined in Section 22-21-20 of this code, which operates an emergency department. An emergency medical service provider does not include the offices, clinics, surgeries, or treatment facilities of private physicians or dentists. No individual licensed healthcare provider, including physicians, dentists, nurses, physician assistants, or other health professionals shall be deemed to be an emergency medical services provider under this act unless such individual voluntarily assumes responsibility for the custody of the child.

**Section 5.** No person or other entity subject to the provisions of this act shall be liable to any person for any claim for damages as a result of any action taken pursuant to the requirements of this act, and no lawsuit shall be predicated thereon.

**Section 6.** The provisions of this act are severable. If any part of this act is declared invalid or unconstitutional, that declaration shall not affect the part which remains.

**Section 7.** This act shall become effective on the first day of the third month following its passage and approval by the Governor, or its otherwise becoming law.

Approved May 25, 2000
Time: 10:35 A.M.