IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY EUGENE GRIMES, #148 206 | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 3:05-CV-1105-T |
| | (WO) |
| LEE COUNTY CIRCUIT COURT, *et al.*, | * |
| Defendants. | * |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections. He filed this 42 U.S.C. § 1983 action on November 23, 2005. Named as defendants are the Lee County Circuit Court, Lee County Circuit Court Judge Jacob Walker III, Judges Pamela A. Baschab, H. W. McMillian, Sue Bell Cobb, A. Kelli Wise, and Greg Shaw of the Alabama Court of Criminal Appeals, and Judges Champ Lyons, Drayton Nabers, Gorman Houston, Harold See, Jean Brown, Douglas I. Johnstone, Robert B. Harwood, Lyn Stuart, and Thomas A. Woodall of the Alabama Supreme Court.

In filing this complaint, Plaintiff seeks a declaratory judgment that Defendants wrongly decided litigation he pursued under a recent amendment to Alabama's Habitual Felony Offender Act. Plaintiff asserts that Defendants' actions were unconstitutional because their decisions resulted in violations of the *Ex Post Facto* Clause and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff also seeks an injunction prohibiting Defendants from "any prospective violations" of his constitutional rights based

on his filing of the instant lawsuit.

Upon review of the pleadings filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. §1915(e)(2)(B).[1]

## I. DISCUSSION

At its core, Plaintiff's complaint centers around his disappointment that he did not receive the benefit of a recent amendment made to Alabama's habitual felony offender laws. An amendment made to the Habitual Felony Offender Act (Ala. Code § 13A-5-9) in the year 2000 granted state trial court judges discretion to sentence an offender convicted of a Class A felony, having no prior convictions for Class A felonies, to life in prison instead of an automatic sentence of life without parole.[2]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Before May 25, 2000, § 13A-5-9(c), Ala.Code 1975, provided, in pertinent part:

(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
....
(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole.

Section 13A-5-9(c), Ala.Code 1975, as amended by Act No. 2000-759, Ala. Acts 2000, provides, in pertinent part:

(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:

In 2001, the legislature further amended § 13A-5-9 (Act 2001-977) by granting sentencing judges or presiding judges the authority to make retroactive consideration of early parole sentences for non-violent, convicted offenders based on evaluations performed by the Alabama Department of Corrections and approved by the Alabama Board of Pardons and Paroles, provided that such offenders had no prior Class A felony convictions. *See* Ala. Code § 13A-5-9.1. Because both the Alabama Department of Corrections and the Alabama Board of Pardons and Paroles determined that there were significant problems with § 13A-5-9.1, it was not initially implemented or applied.

Subsequently, the Alabama Supreme Court decided the case of *Kirby v. State of Alabama*, 899 So.2d 968 (Ala. 2004). In that case, the Court concluded that the 2001 amendment to the habitual offender laws was constitutional and gave Alabama trial courts authority to consider inmates' motions for reductions of sentence under that statute. The Court found:

> [T]he state's trial judges have the authority under the statute to determine whether a defendant is a non-violent offender and . . . . those judges are competent to make that determination based

---

....
(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life imprisonment without the possibility of parole, in the discretion of the trial court.
(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole.

Thus, § 13A-5-9(c)(3), as amended, gives the trial court discretion to sentence a Class A felony offender with three prior felony convictions to imprisonment for life *or* imprisonment for life without the possibility of parole, if none of those three prior felony convictions was for a Class A felony.

3

>   upon the nature of the defendant's underlying conviction, other factors brought before the judge in the record of the case, and information submitted to the judge by the DOC and the Parole Board concerning the inmate's behavior while incarcerated. It is axiomatic that only the sentencing judge or the presiding judge should evaluate the inmate's crime and his or her conduct associated with that crime in deciding whether the inmate is a nonviolent offender, just as the judge evaluated those factors at the time the inmate was originally sentenced.

899 So.2d at 974.

In the instant case, Plaintiff reveals that in October 2004 he sought to take advantage of the 2001 amendment to the habitual felony offender laws by filing a motion for sentence reduction in the Circuit Court for Lee County, Alabama, seeking relief from his sentence of life without parole. The petition was denied based on Judge Walker's determination that Plaintiff's prior criminal history did not qualify him for parole as a non-violent offender. It appears from the complaint that this decision was upheld by the Alabama Court of Criminal Appeals and that the Alabama Supreme Court declined to entertain Plaintiff's application for writ of certiorari. (Doc. No. 1.)

Plaintiff complains that the state courts' decisions to deny him a sentence reduction under § 13A-5-9.1, by concluding that he does not qualify as a non-violent offender, thus rendering him ineligible for a reduced sentence, violates his right to equal protection. In support of his argument, Plaintiff maintains that other inmates who are "similarly situated," in that they are classified as violent offenders, have been granted relief in the form of being re-sentenced to life terms with the possibility of parole under Ala. Code § 13A-5-9.1. Plaintiff makes the additional argument that Defendants are violating the *Ex Post Facto*

4

Clause of the Constitution because they are "retrospectively us[ing] a new punitive measurement, *i.e.*, restrictive criteria that [Plaintiff] . . . be a 'NON-VIOLENT convicted offender'" in order to penalize him from receiving the benefit of a reduction in sentence under Ala. Code § 13A-5-9.1. Plaintiff contends that Defendants' direct participation in and/or failure to correct application of a state statute which results in *ex post facto* violations and/or produces unequal results among similarly situated inmates is unconstitutional.

### A. The Circuit Court for Lee County

The Circuit Court for Lee County, Alabama, is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Circuit Court for Lee County are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

### B. The Request for Declaratory Relief

Plaintiff's complaint against the justices of the Alabama Supreme Court and the

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

5

Alabama Court of Criminal Appeals, and Judge Walker of the Circuit Court for Lee County, is due to be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine dictates that United States District Courts "do not have [subject matter] jurisdiction . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the court's action was unconstitutional.

Review of those decisions may only be had in . . [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983);[4] *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

---

[4]*See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

"[O]nce a case is litigated in state court, a federal district court does not have jurisdiction to review it." *Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003).[5] While Plaintiff couches his complaint in terms of constitutional violations under the Equal Protection Clause and the *Ex Post Facto* Clause, the essence of his complaint concerns adverse rulings he received in state court in his quest for a reduced sentence in light of an amendment to the Alabama Habitual Felony Offender Act.

These claims are "inextricably intertwined with the merits of . . . state-court judgment[s]," because his federal claims succeed "only to the extent that the state court[s] wrongly decided the issues before [them]." *Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir. 1999). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* Accordingly, this court lacks jurisdiction to render any judgment over Plaintiff's claims. In light of the foregoing, dismissal of Plaintiff's complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).

---

[5]The *Schmitt* court held:

> We have interpreted *Rooker-Feldman* to ask whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Put another way, if the injury which the federal plaintiff alleges resulted from the state court judgment itself, then *Rooker-Feldman* controls, and the lower federal courts lack jurisdiction over the claim. It does not matter that the state court judgment might be erroneous or even unconstitutional.

*Schmitt*, 324 F.3d at 486.

7

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before 20 January 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of January, 2006.

                                                /s/ Vanzetta Penn McPherson
                                                VANZETTA PENN MCPHERSON
                                                UNITED STATES MAGISTRATE JUDGE