IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

TONY EUGENE GRIMES,
    PETITIONER/PLAINTIFF,    *

vs.   2006 JAN 17  A 9: 46    *    CIVIL ACTION NO. 3:05-cv-1105-T

   DEBRA P. HACKETT, CLK
   U.S. DISTRICT COURT

LEE COUNTY CIRCUIT COURT, et al.,    *
    Respondent/Defendants.
                      *

## MOTION TO REMOVE LITIGATION FROM MAGISTRATE JUDGE VANZETTA PENN McPHERSON SUPERVISION

Pursuant to the applicable Federal Rules, Procedures, Statutes and Practices, the Petitioner 'Motion' this Court to remove 'Magistrate Judge Vanzetta Penn McPherson'(Mag.J. McPherson) from review, supervision &/or future adjudication of His litigation due to:

1. The Petitioner contends (Mag.J.) McPherson has produced a pattern of mishandling His litigation either by bias &/or malevolence as detailed below:

2. Within this Petitioner's previous litigation filed within this Court under GRIMES v. MITCHEM, civil action no. 3:98-cv-1448-A, the (Mag.J.) McPherson either intentionally (fraudulent) or negligently failed to adjudicate one of the claims presented within the litigation, viz. "Ineffective assistance of counsel (appellate) for failing to retrieve all transcripts to argument Batson claim".

3. With the 'Report & Recommendation' by (Mag.J.) McPherson presented to this Court for GRIMES v. MITCHEM, supra., the Petitioner placed His objection and raised all claims presented within that petition, yet this Court 'adopted' said 'Recommendation' in which failed to adjudicate the "Ineffective counsel claim of failing to retrieve all transcripts" then denied the Petitioner relief.

4. Within an appeal from that judgment, the '11th Circuit Court of Appeal' granted appellate review upon a separate claim of 'Ineffective counsel, viz. "ineffective counsel(s) failing to argue unsworn jury venire" and later vacated/remanded the District Court (this Court), judgment in which was from (Mag.J.) McPherson 'recommendation'. The matter was assigned back to (Mag.J.) McPherson in which she 'ordered' the Respondents to the compliance of the 'mandate' of the '11th Circuit Appeal Court'. When the

Respondents **FAILED to COMPLY** with the 'order' of the instructions from the '11th Circuit Appeal Court', (Mag.J.) McPherson **provided detailed instruction** to the Respondents as a **second chance**, in contrary to the '11th Circuit Appeal Court'. It was specific within the Appeals Court instruction that "if the Respondents failed to comply with the instruction, to Grant the Habeas petition.

5. **Once again**, (Mag.J.) McPherson has intentionally, or fraudulently or negligently eliminated a claim this Petitioner has brought within His Habeas petition, viz."RESPONDENTS DENIAL OF SENTENCE HEARING, COUNSEL PETITIONER'S RIGHT TO BE PRESENT & ALLOCUTION AFTER RETROACTED LAW RE-OPENED SENTENCE". see Habeas Petition : GRIMES v. JONES, civil action no. 3:05-cv-1226-F, at Ground Four; (filed within this Court); This Petitioner raises four (4) claims within the Habeas petition, yet (Mag.J.) McPherson only mention three (3) of the claims in the Recommedation filed on January 9,2006, instead of the four, viz.' Batson claim; Ex Post Facto Claim ; and, the Equal Protection Clauses claim.

6. The Petitioner bring to this Court attention that the (Mag.J.) McPherson has proffered a 'recommendation' within this Court case of GRIMES v. LEE COUNTY CIRCUIT COURT,et al., civil action no. 3:05-cv-1105-T, where she also eliminated reference or adjudication with this Court litigation in that matter as to the Petitioner's claim for 'INJUNCTIVE RELIEF' within that litigation. The (Mag.J.) McPherson addressed all other matters with that litigation EXCEPT the 'INJUNCTIVE RELIEF' claim.

WHEREFORE, premises considered, this Petitioner **PRAYS** this Honorable Court acknowledge (Mag.J.) McPherson has at least three (3) times failed to adjudicate matters raised in the Petitioner's litigation and at least one time provided the opposing party advice to negative the Petitioner's position within His litigation. With these matters in mind this Petitioner **PRAYS** this Honorable Court **GRANT** this Motion and **REMOVE** the (Mag.J.) McPherson from any future supervision or discretion with His litigation.

CERTIFICATE OF SERVICE
I CERTIFY ON THE ___11TH___ OF ___JANUARY___, 2006.

I SERVED A COPY OF THE "MOTION TO REMOVE (MAG.J.) McPHERSON" ON THE THE COURT AND RESPONDENTS.

*Tony E. Grimes*
TONY E. GRIMES#148206
100 WARRIOR LN.
BESS., AL 35023

2.