IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

TONY EUGENE GRIMES,
        Plaintiff           *

vs.                            *        3:05-cv-1105-MEF

                              *

LEE COUNTY CIRCUIT COURT, et al.,
        Defendants.    *

RECEIVED

2006 FEB 23 A 9:58

## MOTION FOR RULE 15(a), Fed.R.Civ.P. AMENDMENT TO COMPLAINT

Pursuant to applicable Rules, Practice, Statutes and/or Procedures, the Plaintiff moves the Court for amendment to His complaint with the following:

The Plaintiff contends the Defendants : C. Lyons, D. Nabers, G. Houston, H. See, J. Brown, D. I. Johnstone, R. B. Harwood, L. Stuart, and T. A. Woodall (within their official and individual capacity), used their ruling making authority under 'Alabama Constitution of 1901, Article VI, sec. 6.11', and 'Ala. Code, sec. 12-2-7' to create a violation of the Equal Protection Clause of the Constitution (and, Ex Post Facto clause of the Constitution), where the above Defendants and its agents (via Defendants : J. Walker, P. A. Baschab, H.W. McMillan, S.B. Cobb, A.K. Wise, and G. Shaw)(in their official and individual capacity), are administering a 'rule' promulgating unequal treatment of similarly situated/classed recipients of the State Ala. Code, sec. 13A-5-9.1 and sec. 13A-5-9(c)(3) as well as promulgating a policy that is akin to an increase of punishment after sentence.

The Equal Protection Clause and Ex Post Facto clause claims occurs where the Defendants rule making authority has caused a policy to be administered and followed that use new criterias applied in retrospect that injures the Plaintiff, and discriminates against the Plaintiff with similarly situated/classed recipients as He under sec. 13A-5-9(c)(3), (at the time He was sentenced), where the sublime rule has been dictated within this following manner:

> " The state's trial judges have ...
> to determine whether a defendant
> is a non-violent offender and ...
> those judges are ... to make that
> determination based upon the nature
> of the defendant's underlying
> conviction, other factors brought
> before the judge in the record of
> the case, and information submitted
> to the judge by the DOC and the
> parole Board concerning the inmate's
> behavior while incarcerated.
> ... the sentencing judge or the
> presiding judge should evaluate the inmate
> crime and his or her conduct associated
> with that crime in deciding whether the
> inmate is a nonviolent offender,... "

See, Kirby v. State, 899 So.2d 968, 974 (ALA.2004).

The above language of the defendants is a rule in effect that removed the impasse with Ala. Code Sec. 13A-5-9.1, from December of 2001 up to August of 2004, and it gave effect to the statute for future implementation that is causing unequal discrimination between recipients of Ala. Code Sec. 13A-5-9(c)(3) and increased the form of punishment to those discriminated recipients of Sec. 13A-5-9(c)(3) beyond what is prescribed, in violation of the United States Constitution Equal Protection Clause and ex post facto clause, by having some declared non-violent and some inapposite of non-violent where such criteria was never determinative when applied to plaintiff.

### RELIEF SOUGHT

\* The plaintiff seek declaratory judgment that rule promulgated by the defendants in which apply new punitive measures to the past and produce discrimination between similar situated/classed under state statutes Ala. Code Sec. 13A-5-9(c)(3) pre-amendment has created a conflict with The Equal Protection Clause and Ex Post Facto Clause of the Constitution where it is used to discriminate against similarly situated/classed as the plaintiff, and where it (in form) increases the ingredients of statute Sec. 13A-5-9(c)(3)(pre-amendment) that was not prescribed.

\* The plaintiff seek prospective injunctive relief upon the defendants rule promulgated, that conflicts with the Equal Protection Clause and Ex Post Facto clause, as referenced with in the amendment to complaint.

Pg 2.

## MEMORANDUM OF LAW IN SUPPORT

"The district court may simply be asked to assess the validity of a rule promulgated in a nonjudicial proceeding. If this is the case, the district court is not reviewing a State court judicial decision. In this regard, 28 U.S.C., sec. 1257 does not act as a bar to the district court's consideration of the case and because the proceeding give rise to the rule are nonjudicial the policies prohibiting United States District Court review of final Sate court judgments are not implicated"

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983)

"State supreme courts may act in a nonjudicial capacity in promulgating rules regulating"

Dist. Col. Court of Appeals v. Feldman, 460 U.S. at 485;

"It is a question of Federal law whether a particular proceeding before another tribunal was truly judicial..."

Dist. Col. Ct. of App.(s) v. Feldman, 460 U.S. at 476 n. 13;

"The Federal court could enjoin implementation of ...order because [PARTY] had acted in a legislative as opposed to a judicial capacity in setting"

Dist. Col. Ct. of App.(s) v. Feldman, 460 U.S. at 477;

RESPECTFULLY SUBMITTED,

*Tony Eugene Grimes*
TONY EUGENE GRIMES

## CERTIFICATE OF SERVICE

I CERTIFY ON THE 15 OF FEBRUARY, 2006, I SERVED A COPY OF THE 'RULE 15(a) AMENDMENT' UPON THE COURT AND FOR SERVICE TO THE DEFENDANTS VIA U.S. MAIL.

*J. E. Grimes*
T. E. GRIMES #148206
100 Warrior Ln.
Bess., Al. 35023

3.