IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

TONY EUGENE GRIMES,
    Plaintiff,

vs.

                            3:05-cv-1105-MEF

LEE COUNTY CIRCUIT COURT, et al.,

MOTION FOR RECONSIDER COMPLAINT AND BRIEF IN SUPPORT
TO RULE 15(a) AMENDMENT

Pursuant to applicable Rules, Practice, Statutes, and Procedures, the Plaintiff moves the Court to 'Reconsider' the complaint and deliver support to His amendment to the complaint with the following:

I.

MAGISTRATE JUDGE INCORRECT RECITING OF THE FACTS

(A). On page 2 of the the recommendation of January 6, 2006, the magistrate incorrectly stated the facts where the report allege: "in 2000, the Legislature amended Alabama Habitual Felony Offender Act (Ala. Code §13A-5-9) by granting State trial judges discretion to sentence a non-violent offender convicted of a class A felony instead of an automatic sentence of life without parole".

The correct facts are stated in the footnote number 2 of the magistrate judge recommendation and the phrase non-violent offender was not mentioned at any time within the year 2000 amended Alabama Habitual Offender Act (Ala.Code §13A-5-9), nor was it mention in the magistrate judge footnote quoting the statute(s) Ala. Code §§13A-5-9(c)(pre-amended), 13A-5-9(2000 amendment). The recommendation's footnote number 2 is on page 2 & 3 of that report.

(B). On page 3 of the recommendation, within the part entitled

'Discussion', the magistrate judge incorrectly stated the facts where such recommendation alleges: " in 2001, the Legislature further amended §13A-5-9 (Act 2001-977) by granting sentencing judges or presiding judges the authority to make retroactive consideration of early parole sentences for non-violent, convicted offenders...".

The correct facts are : in 2001, the Legislature further amended §13A-5-9 (Act 2001-977) by granting sentencing judges or presiding judges the authority to retroactively apply the year 2000 amendment of §13A-5-9 to convicted felons meeting a certain criteria, and consideration of early parole was left up to the Board of Pardons and Parole. see, Kirby, at 899 so.2d. 968,973 (Ala. 2004).

(C). On page 4 of the recommendation, within the part entitled 'Discussion', the magistrate judge incorrectly stated the facts where such recommendation alleges : " Plaintiff complains that the State courts decisions to deny Him a sentence reduction under §13A-5-9.1, by concluding that He does not qualify as a non-violent offender, thus rendering Him ineligible for a reduced sentence, violates His right to Equal Protection".

The correct facts are: the Plaintiff complains the defendants assessment by concluding He does not qualify as a non-violent offender based on His past and before enactment of the statute Ala.Code §13A-5-9.1 violates the principles of the Ex Post Facto clause , not the Equal Protection clause as the magistrate judge incorrectly alleges.

(D). On page 4 of the recommendation, the magistrate judge has incorrectly assumed/implied the Equal Protection clause claim raised in the complaint was upheld by the Alabama Supreme Court & Alabama Court of Criminal Appeals, when in fact the Equal Protection clause claim has not been presented to those defendants due to its before the defendants : J. Walker & LeeCo. Circuit Court in procedural complication.

2.

## II. FACTS THIS COURT WAS NOT ABREAST

Under Alabama Constitution of 1902, Article VI, § 6.11 and Ala.Code §12-2-7, the Alabama Supreme Court has 'rule' making capabilities to administer and give effect to Legislative laws and changes. "When the Legislature, through a general act, changes the procedural rules promulgated by the Supreme Court, the court is bound by the constitution and state laws to give effect to the Legislatures changes". see, Ex parte Stewart, 730 so.2d. 1246,1250-51 (Ala. 1999).

The defendants, via the Alabama Supreme Court, used its 'rule' making authority to implement a criteria for the administering the statute Ala.Code §13A-5-9.1, since there was an impasse with the statute due to jurisdiction disputes between the Dept. of Correction, the Board of Pardons & Parole, and State courts. The 'rule' made is the substance of this Plaintiff's federal claims and such 'rules' are coupled within form of : Kirby v. State, 899 so2d. 968 (Ala. 2004).

Under Ala.Code §12-3-16, viz. 'decisions of supreme court to govern holdings and decisions of court of appeals', the defendants : J. Walker, P.A. Baschab, H.W. McMillan, S.B. Cobb, G. Shaw, A.K. Wise, and the Lee Co. Circuit Court cannot and will not override the 'rule' promulgated by defendants : C. Lyons, D. Nabers, G. Houston, H. See, J. Brown, D.I. Johnstone, R.B. Harwood, L. Stuart, and T. Woodall, when they handed the 'rule' to implement §13A-5-9.1.

The Plaintiff formulated the facts that the statute §13A-5-9.1 had conflicts with the Equal Protection clause after an appeals of denial of the Plaintiff litigation pursuant to the statute. The Plaintiff attempted present the Equal Protection claim to the defendants : Walker, and requested the defendants : Baschab, McMillan , Cobb, Shaw, and Wise to adhere to facts that other matters has surface, yet those defendants

3.

alleged the Plaintiff failed to properly bring the federal claim, or, declined to reach to reach the merits of claims. see, attched exhibits of these defendants responses upon consideration of the federal claims. Also, after the defendants : Baschab, McMillan, Cobb, Shaw, and Wise stated the Plaintiff procedural defaulted with bringing the Ex Post facto clause claim, the Plaintiff re-submitted that claim to defendants: Walker & Lee Co. Circuit Court.

III. IN RE : AMENDMENT TO COMPLAINT AND ROOKER-FELDMAN DOCTRINE

The current amendment to the complaint brings the Court to a question of fact and law:

(A). The defendants 'rule' making was legislative not judicial

Under the United States Supreme Court precedent within the Dist. Col. Court of Appeals v. Feldman, 460 U.S. 462 (1983), "the federal court could enjoin implementation of... order because [A PARTY] had acted in a legislative as opposed to a judicial capacity". see Feldman, 460 U.S. at 477 ,id.; This Plaintiff contends the defendants : Lyons, Nabers, Houston, See, Brown, Johnstone, Harwood, Stuart, and Woodall, where acting in a nonjudicial capacity when they delivered a recipe of instruction looked upon as 'rules' for implementing state statute §13A-5-9.1, in which gives the basis for the Equal Protection clause & Ex Post Facto clause claims.

"State Supreme Courts may act in a nonjudicial capacity in promulgating rules regulating...". see Feldman, at 485; The defendants even acknowledge its position was congruent to rule making where it stated "it is well established that the legislature may delegate the power to execute and administer the laws, so long as... doing it provides... the execution and administration of the statute". see Kirby v. State, supra., at 973;

4.

The defendants has it that "when the legislature, through a general act, changes the procedural rules'...[THEY]... bound by the constitution and state laws to give effect to the legislature's changes". see, Ex parte Stewart, 730 so.2d. 1246,1250-51 (Ala. 1999).

The Plaintiff contends the defendants where acting in a nonjudicial capacity when it delivered instructions to carry out,i.e. implement the statute §13A-5-9.1 for future purposes, for Feldman,supra,, advises a measure to determine whether a proceeding should be considered judicial or legislative, where it holds:

> " a judicial... investigates, declares and enforces liabilities... on present or past facts and under laws supposed already to exist'...'legislative on the other hand looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power. The establishing of a... making of a rule for the future... is an act legislative not judicial in kind"

see, Feldman,id.,460 U.S. at 477;

Without those instruction delivered in August of 2004, the defendants: Baschab, McMillan, Cobb, Shaw, Wise, Walker & Lee Co., would not have had the new rules that pertain to the future thereafter in which has resulted the Plaintiff's federal claims of Equal Protection clause & Ex Post Facto Clause challenges. The Plaintiff moves this Court to acknowledge that defendants did not investigates, declare nor enforce liabilities as they stood with that present nor the past facts , nor under laws supposed already to exist, but applied instruction as a basis of rules that removed the impasse with the statute §13A-5-9.1.

Under Feldman ,"the district court may simply be asked to assess the validity of a rule promulgated in a nonjudicial proceeding. If this is the case, the the district court is not reviewing a state court judicial decision. In this regard, 28 U.S.C. §1257 does not act as a bar

to the district court's consideration of the case and because the proceeding give rise to the rule are nonjudicial the policies prohibiting United States District Court review of final state court judgments are not implicated". see, Feldman, at 486;

Even though the defendants might have the appearance that its rule promulgated in Kirby v. State, 899 so.2d. 968(Ala. 2004) is judicial, this Plaintiff contends it was quasi-judicial, but legislative due to it gave administrering of a formula to regulate/implement the statute §13A-5-9.1. " The nature of the proceeding depends not upon the body but upon the character of the proceedings". see, Feldman, at 477; "The form of the proceeding is not significant. It is the nature and effect which is controlling". see, Feldman, at 478; " It is a question of federal law whether a particular proceeding before another tribunal was truly judicial for purposes of ascertaining the jurisdiction of a federal court". see, Feldman, at 476 n. 13;

## IV.   PLAINTIFF   CLAIM(S)   VIEWED   UNDER   THE   ROOKER-FELDMAN DOCTRINE

The binding 'Eleventh Circuit' precedent has it that "Rooker-Feldman bars lower federal court jurisdiction where four criteria are met: (1) the party infederal court is the same as the party in state court, see Roe v. Alabama, 43 F3d. 574,580 (11th cir. 1995); (2) the prior state court ruling was a final or conclusive judgment on the merits, see David Vincent, inc. v. Broward County, 200 F3d. 1325,1332 (11th cir. 2000); (3) the party seeking relief in federal court had a reasonable opportunity to raised its federal claims in the state court proceeding, see Dale v. Moore, 121 F3d. 624,626 (11th cir. 1997)(per curiam); and, (4) the issue before the federal court was either adjudicated by the state

court or was intertwined inextricably with the state court judgment see Goodman v. Sipos, 259 F3d. 1327,1332 (11th cir. 2001)". see, Amos v. Glynn County Bd. of Tax Assessors, 347 F3d. 1249,1265 n.11 (11th cir. 2003);

The Plaintiff contends 'the prior state court ruling was not a final or conclusive judgment on the merits' and He 'has not had a reasonable opportunity to raised the federal claims to receive the appropriate adjuducation to say it was a ruling on the merits, to qualify under the second and third prongs of Amos v. Glynn Co. Bd. Of Tax Assessors, supra.,; The defendants : Baschab, McMillan, Cobb, Shaw, & Wise stated the Plaintiff did not adequately bring the constitutional claims of Ex Post Facto clause violation, nor the Equal Protection clause violation claim before them due to its was not properly preserved with defendants : Walker & the Lee Co. cir. Ct. , as held by the memorandum opinion issued August 19,2005. see attached exhibits;

So, fearing He failed to properly bring His claims, the Plaintiff re-submitted them both, i.e. the federal claims within this complaint. Even though the Plaintiff for first time presented the Equal Protection clause claim to defendants : Walker, & Lee Co. Cir. Ct. in July of 2005, the defendants : Walker & Lee Co. Cir. Ct. has dismissed the claim without ruling upon its merits with its latest order of February of 2006. see attached exhibit of February 10,2006, "Order', to which the substance of that litigation involves the Equal Protection clause claim yet the defendants will not address it as so.

As it stands, the Plaintiff has not received a valid state court ruling to be considered conclusive upon the merits with His federal claims' due to the defendants are evading merit review to say that a reasonable opportunity has been afforded the federal claims to be raised

7.

before the state court. The federal claims involves the defendants: Lyons, Nabers, Houston, See, Brown, Johnstone, Harwood, Stuart, & Woodall rule implemented in their capacity and defendants : Walker, Baschab, McMillan, Cobb, Wise, & Shaw, can not and will not pass judgment that would conflict or even question the former defendants 'rule' , due to bound by the state law, viz. §12-3-16,supra.;"Despite the dissatisfaction of the Court of Criminal Appeals [the Latter defendants] with the current state of the law, it is bound by the decisions of the Alabama Supreme Court [the Former defendants]. It has no authority to declare unsound or overrule...[the Former defendants]". see, Hampton v. State, 455 so.2d. 149(Ala.Cr.App. 1984).

While it is true the judges of a state are bound by the United States Constitution and its interpretation as handed by the U.S. Supreme Court, these defendants are not responding to the Constitution question or claims as long as it conflicts with the 'rule' promulgated in the Kirby, supra., language, as it is observed by their strategically evading merit review of the Plaintiff's federal claims.

This Plaintiff has been sent back and forth between the defendants and neither addressing the merit of the federal claims as to say the fulfillment of the requirement of review/exhaustion. "There can be no question as to the proper presentation of a federal claim when the highest state court passes on it...".see Dist. Col. Court of Appeals v. Feldman, 460 U.S. 462, 482 n. 16 (1983). For, "one of the policies underlying the requirement that constitutional claims be raised in state court as a predicate to [U.S. Supreme Court] certiorari jurisdiction is the desirability of giving the state court the first opportunity to consider the state statute or rule in light of the federal argument". see, Feldman, supra., at 482 n. 16;

8.

Case in point, the defendants are producing a procedural default for review of the federal claims with the U.S. Supreme Court by stating the Plaintiff has not appropriately presented the claims to the state courts due to: conflicts with His timing to raised the claims, and alleges the manner of presentation is just simply unreviewable in the defendants opinion in this matter.

As the way it stands, this Plaintiff would be barred from review by the U.S. Supreme Court upon His federal claims with the defendants declining merit review within the state courts. Due to merit review is being made unavailable, the Plaintiff stands on the premise that the 'Rooker-Feldman' doctrine should not bar this Court of jurisdiction to entertain His federal claims where the state courts has not made a ruling on merits with the opportunity it had to do so. Also, the fact there is the lack of appropriate merit review shows this Plaintiff does not have a reasonable opportunity to raised/ present His federal claims inwhich He could later invoke the U.S. Supreme Court review.

WHEREFORE, premises considered, this Plaintiff **PRAYS** this Honorable Court **GRANT** Him 'Reconsideration' upon His claims/complaint, and accept the authority in support to acknowledge HIs 'Amendment' to the Complaint.

_____
TONY EUGENE GRIMES

<u>CERTIFICATE OF SERVICE</u>
I CERTIFY ON THE 17 of FEBRUARY, 2006, I SERVED A COPY OF 'RECONSIDERATION MOTION/ SUPPORT TO AMENDMENT' UPON THE COURT AND FOR SERVICE UPON THE DFENDANTS, VIA U.S. MAIL.

_____
TONY EUGENE GRIMES