IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

**TONY EUGENE GRIMES,**
    Plaintiff,

vs.    3:05-cv-1105-MEF

LEE COUNTY CIRCUIT COURT, et al.,
    Defendants.

RECEIVED
2006 FEB 24  A 9: 35

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE RECOMMENDATION OF JANUARY 6, 2006

Pursuant to applicable Rules, Practice, Statutes, Procedures, the Plaintiff files the filing 'Objection(s)' to the Magistrate Judge January 6, 2006 Recommendation:

I.

MAGISTRATE JUDGE INCORRECT RECITING OF THE FACTS

(A). On page 2 of the recommendation, within the part entitled 'Discussion', the magistrate judge incorrectly stated the facts where the recommendation alleges "in 2000, the Legislature amended Alabama Habitual Felony Offender Act (Ala. Code §13A-5-9) by granting State trial court judges discretion to sentence a non-violent offender convicted of a class A felony instead of an automatic sentence of Life without parole".

The **correct facts are** stated in the footnote number 2 of the magistrate judge recommendation and the phrase non-violent offender was not mentioned at any time within the year 2000 amended Alabama Habitual Offender Act (Ala. Code §13A-5-9), nor was it mention in the magistrate judge footnote quoting the statute(s) Ala. Code §§13A-5-9(c)(pre-amendment), 13A-5-9(2000 amendment). The recommendation's footnote number 2 is on page 2 & 3 of that report.

(B). On page 3 of the recommendation, within the part entitled 'Discussion', the magistrate judge incorrectly stated the facts where

such recommendation alleges :"in 2001, the Legislature further amended §13A-5-9 (Act 2001-977) by granting sentence judges or presiding judges the authority to make retroactive consideration of early parole sentences for non-violent, convicted offenders...".

The **correct facts are** : in 2001, the Legislature further amended §13A-5-9 (Act 2001-977) by granting sentencing judges or presiding judges the authority to retroactively apply the year 2000 amendment of §13A-5-9 to convicted felons meeting a certain criteria, and consideration of early parole was left up to the Board of Pardons & Parole. see, Kirby v. State, 899 so.2d 968,973 (2004 Ala.).

(C). On page 4 of the recommendation, within the part entitled 'Discussion", the magistrate judge incorrectly stated the facts where such recommendation alleges : "Plaintiff complains that the State courts decisions to deny Him a sentence reduction under §13A-5-9.1, by concluding that He does not qualify as a non-violent offender, thus rendering Him ineligible for a reduced sentence, violates His right to Equal Protection".

The **correct facts are** : the Plaintiff complains the Defendants' assessment by concluding He does not qualify as a non-violent offender based on His past and before enactment of the statute Ala. Code §13A-5-9.1 violates the principles of the Ex Post Facto clause, not the Equal Protection clause as the magistrate judge incorrectly has alleges.

(D). On page 4 of the recommendation, within the part entitled 'Discussion', the magistrate judge has incorrectly assumed/implied the Equal Protection clause segment raised with this complaint was upheld by the Alabama Supreme Court & Alabama Court of Criminal Appeals, when in fact the Equal Protection clause claim asserted by this Plaintiff has not been presented to those Defendants due to it remain in procedural complications with the State court(s), as with acknowledging the Federal

2.

claim. see, attached exhibit(s): in which those documents involve the Equal Protection clause claim and procedural complications the Defendants bring to evade the merits of the claim.

## II. FACTS THIS COURT WAS NOT ABREAST

Under Alabama Constitution of 1901, Article VI,§6.11 and Ala. Code §12-2-7, the Alabama Supreme Court has 'rule' making capabilities to administer and give effect to Legislative laws and changes. "When the Legislature, through a general act, changes the procedural rules promulgated by the Supreme Court, the court is bound by the constitution and state laws to give effect to the legislatures' changes".see, Ex parte Stewart, 730 so. 2d. 1246,1250-51 (Ala. 1999).

The Defendants, via the Alabama Supreme Court, used its 'rule' making authority to implement a criteria for the administering the statute Ala.Code §13A-5-9.1, since there was an impasse with the statute due to jurisdiction disputes between the Dept. of Correction, the Board of Pardon & Paroles, and the State courts. The 'rule' made is the substance of this Plaintiff's Federal claims and such 'rules' are coupled within form of : Kirby v. State, 899 so.2d. 968 (Ala, 2004).

Under Ala. Code§12-3-16, viz. 'decisions of supreme court to govern holdings and decisions of court of appeals', the defendants:J. Walker, P.A. Baschab, H.W. McMillan, S.B. Cobb, G. Shaw, A.K. Wise, and the Lee County Circuit Court cannot and will not override the 'rules' promulgated by Defendants :C. Lyons, D. Nabers, G. HOuston, H. See, J. Brown, D.I. Johnstone, R.B. Harwood, L. Stuart, and T. Woodall, when they handed the 'rule' to implement §13A-5-9.1.

The Plaintiff formulated the facts that the statute §13A-5-9.1 had conflicts with the Equal Protection clause after an appeal of denial of

3

the Plaintiff litigation pursuant to the statute. The Plaintiff attempted present the Equal Protection clause claim to the defendant: J. Walker, and requested the defendants : Baschab, McMillan, Cobb, Shaw, and Wise to adhere to facts that other matters has surface, yet those defendants alleged the Plaintiff failed to properly bring the Federal claim, or, declined to reach the merits of claims. see, attached exhibits of these defendants responses upon consideration of the Federal claims. Also, after the defendants : Baschab, McMillan, Cobb, Shaw, and Wise stated the Plaintiff procedural defaulted with bringing the Ex Post Facto clause claim, the Plaintiff re-submitted that claim to defendants : Walker & the Lee Co. Circuit Court.

### III. PLAINTIFF CLAIM(S) VIEWED UNDER THE ROOKER-FELDMAN DOCTRINE

The binding 'Eleventh Circuit' precedent has it that "Rooker-Feldman" bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the same as the party in state court, see Roe v. Alabama, 43 F3d. 574,580 (11th cir. 1995); (2) the prior state court ruling was a final or conclusive judgment on the merits, see David Vincent inc. v. Broward county, 200 F3d. 1325,1332 (11th cir. 2000); (3) the party seeking relief in Federal court had a reasonable opportunity to raised its federal claims in the state court proceeding, see Dale v. Moore, 121 F3d. 624,626 (11th cir. 1997)(per curiam); and (4) the issue before the Federal court was either adjudicated by the state court or was inextricably intertwined with the state's courts judgment, see Goodman v. Sipos, 259 F3d. 1327,1332 (11th cir. 2001)". see, Amos v. Glynn County Board of Tax Assessors, 347 F3d. 1249,1265 n. 11 (11th cir. 2003);

The Plaintiff contends 'the prior State court ruling(s) was **not**

a final or conclusion judgment on the merits' and He **'has not** had a reasonable opportunity to raised the Federal claims to receive the appropriate adjudication to say it was a ruling on the merits, to qualify under the second and third prongs of Amos v. Glynn Co. Bd. of Tax Assessors, supra.; The defendants:Baschab, McMillan, Cobb, Shaw, & Wise stated the Plaintiff did not adequately bring the constitutional claims of Ex Post Facto clause violation, nor the Equal Protection clause violation claims before them due to its was not properly preserved with defendants : Walker & the Lee Co. Cir. Ct., as held by the memorandum opinion issued August 19, 2005. see, attached exhibits;

So, fearing He failed to properly bring His claims, the Plaintiff re-submitted them both, i.e. the Federal claims within this complaint. Even though the Plaintiff for first time presented the Equal Protection clause claim to defendants : Walker & Lee co. Cir. Ct. in July of 2005, the defendants:Walker & Lee Co. Cir. Ct. has dismissed the claim without ruling upon its merits with its latest order of February of 2006. see, attached exhibit of February 10,2006 'Order', to which the substance of that litigation involves the Equal Protection clause claim, yet the defendants will not address it as so.

As it stands, the Plaintiff has not received a valid State court ruling to be considered conclusive upon the merits with His Federal claims due to the defendants are evading merit review to say that a reasonable opportunity has been afforded the Federal claims to be raised before the State court. The Federal claims involves the defendants: Lyons, Nabers, Houston, See, Brown, Johnstone, Harwood, Stuart, & Woodall rule implemented in their capacity and defendants: Walker, Baschab, McMillan, Cobb, Wise, & Shaw, can not and will not pass judgment that would conflict or even question the former defendants 'rule', due to bound by the State law, viz. §12-3-16, supra.;

5.

"Despite the dissatisfaction of the Court of Criminal Appeals [the latter defendants] with the current state of the law, it is bound by the decisions of the Alabama Supreme court [the former defendants]. It has no authority to declare unsound or or overrule...[the former defendants]". see, Hampton v, sate, 455 so.2d. 149 (Al. Cr. App. 1984).

While it is true the judges of a State are bound by the United States Constitution and its interpretation as handed by the U.S. Supreme Court, these Defendants are not responding to the Constitutional question or claims as long as it conflicts with the 'rule' promulgated in the Kirby, supra., language, as it is observed by their strategically evading merit review of this Plaintiff's Federal claim.

This Plaintiff has been sent back and forth between the Defendants and neither addressing the merit of the Federal claims as to say the fulfillment of the requirement of review/exhaustion. "There can be no question as to the proper presentation of a federal claim when the state highest court passes on it...". see, Dist. Col. Court of Appeals v. Feldman, 460 U.S. 462,482 n. 16 (1983). For, "one of the policies underlying the requirement that constitutional claims be raised in state court as a predicate to [ U.S. Supreme Court] certiorari jurisdiction is the desirability of giving the state court the first opportunity to consider the state statute or rule in light of federal constitutional argument". see, Feldman, 460 U.S. at 482 n. 16; Case in point, the defendants are producing a procedural default for review of the federal claims with the U.S. Supreme Court by stating the Plaintiff has not appropriately presented the claims to the state courts due to: conflicts with His timing to raised the claims , and alleges the manner of presentation is just simply unreviewable in the defendants opinion in this matter.

As the way it stands, this Plaintiff would be barred from review

6.

by the U.S. Supreme Court upon His federal claims with the defendants declining merit review within the state courts. Due to merit review is being made unavailable, the Plaintiff stands on the premise that the 'Rooker-Feldman' doctrine should not bar this Court of juisdiction to entertain His federal claims where the state courts has not made a ruling on the merits with the opportunity it had to do so. Also, the fact there is the lack of appropriate merit review shows this Plaintiff does not have a reasonable opportunity to raise/present His federal claims in which He could later invoke the 'United States Supreme Court review.

## CONCLUSION

The Plaintiff objects to the magistrate's recommendation that this Complaint should be dismissed for a lack of jursidiction pursuant to the 'Rooker-Feldman' doctrine, for the state courts has strategically evading what is a final/conclusive judgment on the merit of the federal claims , and, because of procedural hurdles being placed before the Plaintiff to obtain merit review upon His federal claims, it must be viewed that the Plaintiff has not a reasonable opportunity to raised the federal claims inthe state court proceeding.

_____
TONY EUGENE GRIMES

## CERTIFCATE OF SRVICE

I CERTIFY ON THE 17 of FEBRUARY, 2006, I SERVED A COPY OF THE 'OBJECTIONS TO MAGISTRATE JANUARY 6,2006,1 RECOMMENDATION' ON THE COURT VIA U.S. MAIL AND FOR SERVICE UPON THE DEFENDANTS.

_____
TONY EUGENE GRIMES

7.