Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED
AUG 1 9 2005
CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-1202                                    Lee Circuit Court CC-94-1161

<u>Tony Eugene Grimes v. State of Alabama</u>

Baschab, Judge.

On November 15, 1994, the appellant was convicted of attempted murder. On December 13, 1994, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. <u>See</u> §13A-5-9(c)(3), Ala. Code 1975. On October 13, 2004, the appellant filed a motion for reconsideration of sentence pursuant to §13A-5-9.1, Ala. Code 1975. After the Alabama Department of Corrections ("DOC") responded, the circuit court summarily denied the motion. This appeal followed.

I.

The appellant argues that Act No. 2003-354, Ala. Acts

2003, which defines violent offenses and violent offenders, violates equal protection principles and violates the rule against ex post facto laws. However, he raised this issue for the first time in his "Motion for New Trial, &/or Relief from Order," that was filed after the circuit court denied his motion. Therefore, his argument is not properly before this court. See Ex parte Coulliette, 857 So. 2d 793, 794 (Ala. 2003) (holding that "'[r]eview on appeal is restricted to questions and issues properly and timely raised at trial.' Newsome v. State, 570 So. 2d 703, 717 (Ala. Crim. App. 1989).").

## II.

The appellant also argues that the circuit court erred when it denied his petition without first conducting a new sentencing hearing at which he was present and at which he had an opportunity to speak. In Kirby v. State, 899 So. 2d 968, 969-74 (Ala. 2004), the Alabama Supreme Court explained:

"In 2001, the Legislature passed Act No. 2001-977 ('the Act') in an attempt to make the 2000 amendments to §13A-5-9 retroactive. The stated purpose of the Act was 'to provide further for eligibility for parole consideration of non-violent offenders.' The Act, now codified as §13A-5-9.1, states in its entirety:

"'The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each nonviolent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.'

"....

"... Reading §13A-5-9.1 in conjunction with §13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only two narrowly

2

THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT

THE ALABAMA COURT OF CRIMINAL APPEALS

CR-05-0311

Ex parte Tony Eugene Grimes

PETITION FOR WRIT OF MANDAMUS

(In re: State of Alabama v. Tony Eugene Grimes)

Lee Circuit Court No. CC-94-1161

## ORDER

The petitioner, Tony Eugene Grimes, filed this petition for a writ of mandamus directing Judge Jacob A. Walker, III, to set aside his ruling on Grimes's Rule 32 petition. On October 13, 2004, Grimes filed a Motion to Reconsider his Sentence. The motion was denied and Grimes appealed that ruling to this Court. See CR-04-1202. On July 25, 2005, Grimes filed a Rule 32 petition attacking his conviction and sentence. On August 9, 2005, Judge Walker dismissed the Rule 32 petition. Grimes asserts that on November 1, 2005, he was notified that Judge Walker had dismissed his Rule 32 petition. Grimes then filed this mandamus petition.

Grimes contends that Judge Walker did not have jurisdiction to dispose of his Rule 32 petition while his Motion to Reconsider his Sentence was pending on appeal.

The Alabama Supreme Court in Kirby v. State, 899 So. 2d 968 (Ala. 2004), characterized a Kirby motion as a continuation of the original case. Jurisdiction of this case was with this Court on appeal from the denial of Grimes's Motion to Reconsider his Sentence at the time that Judge Walker disposed of the Rule 32 petition. "The general rule is that jurisdiction of one case cannot be in two courts at the same time." Ex parte Hargett, 772 So. 2d 481, 483 (Ala.Crim.App. 1999). See also Ex parte Bogan, 814 So. 2d 305 (Ala.Crim.App. 2001). Judge Walker had no jurisdiction to act on the Rule 32 petition while jurisdiction of this case was with this Court.

For the foregoing reasons, this petition is due to be, and is hereby GRANTED. The circuit court's order on Grimes's Rule 32 petition is due to be set aside for lack of jurisdiction We note that the certificate of judgment in CR-04-1202 was issued on December 9, 2005. Accordingly, the Rule 32 petition stands as filed and awaits a ruling by the circuit court. If the ruling is adverse to Grimes, he may then appeal that ruling to this Court.

McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.

Done this 1st day of February, 2006.

_____
H. W. "BUCKY" McMILLAN, PRESIDING JUDGE

cc: Hon. Jacob A. Walker, III, Judge
Hon. Corinne Tatum Hurst, Clerk
Tony Eugene Grimes, pro se
Robin Blevins Scales, Assistant Attorney General
Nick Abbett, District Attorney
Randy Helms, AOC Director
Office of the Attorney General

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   CASE NO. CC 94-1161 |
| | * |
| TONY EUGENE GRIMES, | * |
| | * |
| Defendant. | * |

## ORDER

This matter has been remanded to this Court by the Alabama Criminal Court of Appeals for review. When this Court denied the Defendant's Rule 32 Petition on August 9, 2005, this Court did not have jurisdiction to do so since the Defendant's <u>Kirby Appeal</u> was still pending before the Alabama Court of Criminal Appeals. The Court has reviewed the case action summaries in this file and procedurally is somewhat confusing due to the numerous filing from the Defendant.

The Court has reviewed the Rule 32 petition filed by the Defendant. Again, the Defendant seems to be filing another "Kirby Motion" and couching it as a Rule 32 petition. Therefore, the Court is of the opinion that the Rule 32 petition is due to be dismissed. Furthermore, the interest of justice would not be served with any further proceedings.

The Clerk of Court is ordered to mail by ordinary mail or deliver a copy of this Order to the following:

Hon. Robbie Treese
2311 Gateway Drive
Opelika, AL 36801

Tony Grimes
AIS # 148206
100 Warrior Lane
Bessemer, AL 35023

DONE this the 9th day of February, 2006.

FILED
FEB 10 2006
IN OFFICE
CORINNE T. HURST
CIRCUIT CLERK

JACOB A. WALKER, III
Circuit Clerk