IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| TONY EUGENE GRIMES, #148 206 | * | |
| Plaintiff, | * | |
| v. | * | 3:05-CV-1105-MEF |
| | | (WO) |
| LEE COUNTY CIRCUIT COURT, *et al.*, | * | |
| Defendants. | * | |

_____

## ORDER ON MOTION

Pending before the court is Plaintiff's Motion to Amend Complaint under Rule 15(a), *Federal Rules of Civil Procedure*. The motion has been read, considered, and shall be denied.

Plaintiff seeks to amend his complaint to assert equal protection and *ex post facto* violations in regard to recent amendments to Alabama's Habitual Felony Offender Act. In support of his motion, Plaintiff asserts that Defendants used their rule-making authority to administer the amendments by using new criteria which is applied retrospectively to injure Plaintiff and discriminate against him with other "similarly situated/classed recipients as he." (Doc. No. 14.)

The "new" criteria with which Plaintiff takes issue is found in the language of *Kirby v. State of Alabama*, 899 So.2d 968 (Ala. 2004). In that case, the Alabama Supreme Court determined that Ala. Code. § 13A-5-9.1 (Act 2001-977) is constitutional and that state trial judges have authority under the statute to determine whether a defendant is a non-violent

offender for purposes of considering an inmate's motion for reduction of sentence.[1] According to Plaintiff, allowing the state courts to make determinations as to which offenders may be considered violent or non-violent when considering their a request for a reduction in sentence allows the courts to use criteria not in existence when the inmate was originally punished and which thereby results in discrimination and increases the form of punishment. (Doc. No. 14.)

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on race, religion, national origin, poverty or some other constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986); *see also Kirby v. Siegelman*, 195 F.3d 1285 (11th Cir. 1999) (affirming the District Court's determination that the plaintiff did not establish an equal protection violation because his

---

[1] An amendment made to the Habitual Felony Offender Act (Ala. Code § 13A-5-9) in the year 2000 granted state trial court judges discretion to sentence a non-violent offender convicted of a Class A felony, having no prior convictions for Class A felonies, to life in prison instead of an automatic sentence of life without parole. In 2001, the Alabama legislature further amended § 13A-5-9 (Act 2001-977) such that sentencing judges or presiding judges were granted authority to retroactively consider early parole sentences for non-violent, convicted offenders based on evaluations performed by the Alabama Department of Corrections and approved by the Alabama Board of Pardons and Paroles, provided that such offenders had no prior Class A felony convictions. *See* Ala. Code § 13A-5-9.1

allegation that the Alabama Community Notification Act violated equal protection did not allege that the different treatment was based on race, religion or another constitutionally protected interest). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than against instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987). Here, Plaintiff does not allege that he has been subjected to any tangible unequal treatment by Defendants' conduct such as their decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting Plaintiff's motion to amend complaint to add an equal protection claim do not rise to the level of a constitutional violation. *E & T Realty Company v. Strickland*, 830 F.2d 1107 11th Cir. 1987) (mere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause); *Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929 (same).

Likewise, Plaintiff's motion to amend complaint to add a claim that Defendants' conduct resulted in an *ex post facto* violation is without merit. The Constitution provides that no state shall pass any *ex post facto* law--which includes, among others, every law that retroactively changes the definition of crimes or inflicts a greater punishment than the law connected to the crime, when committed. *See Collins v. Youngblood*, 497 U.S. 37 (1990); *Miller v. Florida*, 484 U.S. 423 (1987). In *California Dept. of Corrections v. Morales*, 514 U.S. 499 (1995), the framework for evaluating legislative changes to statutes is to examine whether the challenged action produces a sufficient risk of increasing the measure of punishment attached to the covered crimes as to warrant invalidation under the *Ex Post Facto*

Clause. *Id*. at 509.

Here, the conduct about which Plaintiff complains does not require him to serve an additional sentence for the crime(s) which he has been convicted of committing; he is merely required to serve the sentence originally imposed. The Alabama Supreme Court's decision in *Kirby v. State*, *supra*, does not operate to increase or enhance an inmate's sentence, but only grants state courts the authority, under Ala. Code § 13A-5-9.1, to consider an inmate's motion for reduction of sentence under that statute. Thus, because Plaintiff's claim does not implicate any constitutional rights, his motion to amend complaint to add an *ex post facto* allegation shall be denied.

In light of the foregoing ,and for good cause, it is

ORDERED that the Motion to Amend Complaint under Rule 15(a), *Federal Rules of Civil Procedure* (Doc. No. 14) be and is hereby DENIED.

Done this 27th day of February 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE