IN  THE  UNITED  STATES  DISTRICT  COURT
FOR  THE  MIDDLE  DISTRICT  OF  ALABAMA

\*

TONY EUGENE GRIMES,

       PLAINTIFF,     \*

RECEIVED

7006 MAR 13  A 9: 57

vs.                     3:05-cv-1105-MEF

\*

LEE COUNTY CIRCUIT COURT, et al.

       Defendants.    \*

<u>MOTION  TO  CLARIFY</u>  No. 2

Pursuant to applicable Rules, Statutes, Practices or Procedures, the Plaintiff moves the Court to 'Clarify' the following **'facts'**:

1. "Interpretation of state law by a state highest court are, of course, binding upon [Federal Court(s)] ". see, California v. Freeman, 481 U.S. 1311,1313 (1989); also see, O'Brien v. Skinner, 414 U.S. 524, 531 (1974);

2. The Alabama Supreme Court holds :

> "Section 13A-5-9.1 [Ala.Code] directs the sentencing judge or presiding judge to applly the provisions of §13A-5-9 retroactively, thereby **making the benefit of the 2000 amendment to the HFOA available to inmates who were sentenced pursuant to the HFOA before it was amended in 2000.** Section 13A-5-9(c)(3), as amended in 2000, allows a sentence judge to decide in certain circumstances whether a sentence of Life imprisonment or Life imprisonment without the possibility of parole is appropriate for a particular inmate."

see, KIrby v. State, 899 so.2d. 968,973 (Ala. 2004);

3. It is a fact, from the language and holdings in Kirby v. State, supra., that the 2000 amendment of §13A-5-9(c)(3) conferred a **"benefit"** to its recipients in comparison to the pre-amended §13A-5-9(c)(3), in

which handed down only a mandatory sentence   without the option
to a mitigated  sentence.

4. The section 13A-5-9.1[Ala.Code] retroactivated the position for
the Plaintiff to obtain the "**Benefit**" of the 2000 amendment of §13A-5-9
(c)(3) as held by Kirby v. State, supra.;

5. The fact is : after confirming a "**benefit**" was conferred upon
the Plaintiff with the retroactivated 2000 amendment of §13A-5-9(c)(3)
as interptet in Kirby, supra., in section III,B.,' separation-of-powers-
analysis', the Alabama Supreme Court "extended" the requirement for obtain-
ing that "**benefit**", or,  "added" a new formula to §13A-5-9(c)(3) in which
is a disadvantage to the Plaintiff's "**benefit**" bestowed where that court
holds in pertinent parts:

> "Reading §13A-5-9.1 in conjunction with §13A-5-9, it
> is clear that a sentencing judge or presiding judge can
> resentence only... habitual offenders: those who had
> been sentenced to life imprisonment without the possi-
> bility of parole under the mandatory provisions of the
> HFOA upon conviction of a class 'A' felony with no prior
> class 'A' felony convictions;'...' Moreover, of those
> habitual offenders, the judge can resentence **only those
> who are nonviolent offenders.**"

see, Kirby v. State, supra., at 974;

6. The 'Black Law Dictionary' defines "INCREASE" :

> "enlargement, growth, development, increment, addition,
> accession, extension,..."

It is a fact the phrase/criteria 'nonviolent convicted offender' is
an addition/extension , i.e. an "INCREASE"  TO THE STATUTE §13A-5-9 that
was submitted within the year 2001, viz. ACT 2001-977 (§13A-5-9.1).

7. It is a fact that "a precedent of [the United States Supreme Court]

must be followed by the lower Federal Court(S) no matter how misguided the judges of those courts may think it to be". see, Hutto v. Davis, 454 U.S. 370,375 ((1982);

And it is a fact that "a circuit court's decision binds the district court sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts". see, McGinley v. Houston, 361 F.3d. 1328,1331 (11th cir. 2004);

8. This Court is bound to adhere to the fact the Supreme Court holds "retroactive alteration  of parole or early release provisions, like the retroactive application  of provisions that govern initial sentencing, implicates the Ex Post Facto clause because such... are one determinant of petitioner's prison term...and... the petitioner's effective sentence is altered once this determinant is changed." And " the removal of such provisions can constitute an **increase in punishment**, because a prisoner's eligibility for reduced imprisonment is a significant factor..." . see, Lynce v. Mathis, 519 US. 433,445-446 (1997) ;

9. It is fact that binds this Court that "while sentencing guide-lines in effect at time sentencing generally apply, Ex Post Facto clause prohibits amendments enacted after crimes occurred from being applied in manner which subjects person to greater statutory or guidelines punish-ment that  was authorized prior to amendment". see, United States v. Sloan, 97 F.3d. 1378,1381 n.4 (11th cir. 1996);

WHERFFORE, premises considered, the Plaintiff **PRAYS**  this Honorable Court **GRANT**  His 'Clarify motion No. 2' with the facts stated hereinabove.

*Tony E. Grimes*

TONY E. GRIMES #148206

CERTIFICATE   OF   SERVICE

I CERTIFY ON THE 6th OF MARCH, 2006, I SERVED A COPY OF THE 'CLARIFY MOTION NO. 2' UPON THE COURT VIA U.S. MAIL AND FOR SERVICE UPON THE DEFENDANTS.

*Tony E. Grimes*

TONY E. GRIMES #148206
100 Warrior Ln.
Bess., Al. 35023

4.