IN THE UITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

                                        *

TONY EUGENE GRIMES,

                    Plaintiff,          *                    RECEIVED

vs.                                                          2006 MAR -b  A 10:07

                                        *                    3:05-cv-1105-MEF

                                        *

LEE COUNTY CIRCUIT COURT, et al.,
                    Defendants.          *


                    MOTION   TO   CLARIFY

        Pursuant to applicable Rules, Statutes, Practices, or Procedures
the Plaintiff moves to 'Clarify' the following 'Facts':


    1. An amendment made to the Alalbama Habitual Felony Offender Act

(Ala.Code §13A-5-9) in the year 2000 granted state trial court judges

discretion to impose sentences of Life or Life Without Parole for con-

victed offenders of a class "A" felony, having no prior convictions for

class "A" felonies, and **not as the magistrate judge's order** of January 6,

2006 nor February 27,2006 **has stated** in pertinent parts:

> "[Alabama] amendment made to the habitual felony
> offender act (Ala.Code §13A-5-9) in the year 2000
> granted state trial court judges discretion to
> sentence a **non-violent** offender convicted of a
> class "A" felonies, to life in prison instead of
> an automatic sentence of Life Without parole"

    see, magistrate judge's Order of January 6,2006 at section "Discussion"

on page 2; and also see, magistrate judge Order of February 27, 2006

at page 2, footnote number 1; also see 'Ala.Code §13A-5-9 (2000 amendment);


    2. In the year 2001, the Alalbama Legislature further amended §13A-5-9

(Act 2001-977) such that sentencing judges were granted authority to

retroactively apply the year 2000 amendment of §13A-5-9 to eligible inmates under that section, and **not as the magistrate judge's Order** of January 6,2006 nor February 27,2006 **has stated** im pertinent parts:

> " in 2001, Alabbama legislature further amended §13A-5-9 (Act 2001-977) such that sentencing judges or presiding judges **were granted authority to retroactively consider early parole sentences for non-violent,** convicted offen-der..."

see, magistrate judge Order of January 6,2006 at section "Discussion" on 3; and also see, magistrate judge Order of February 27,2006 at page 2, footnote number 1;

In support of the Plaintiff's position the Alabama Supreme Court stated in pertinent parts:

> "the clear reference in §13A-5-9.1 to the provisions of §13A-5-9 makes it obvious that the trial court's only authority is to modify the sentence of an inmate who is not eligible for parole under the sentence imposed pursuant to the HFOA before its amendment in 2000, sen-tencing that inmate instead to a sentence under which he or she may become eligible for parole if the trial court does determine that a defendant should receive a sentence of "straight" life imprisonment, that resentencing deter-mination may trigger a parole evaluation by the parole board if the inmate has served a sufficient amount of time in prison. On the other hand, if an inmate has served so little time that he or she is not yet eligible for parole, that resentencing determination will not result in immediate parole consideration. Thus, §13A-5-9.1 does not confer upon the judicial branch the power to grant parole."

see, Kirby v. State, 899 so. 2d. 968,**973** (Ala. 2004)

3. The criteria and/or phrase non-violent convicted offender first became reference within Alabama's Habitual Felony Offender Act (Ala.Code §13A-5-9 in the year 2001 under Act 2001-977 (Ala.Code §13A-5-9.1) and before such time the phrase/criteria non-violent convicted offender was not material to Ala.Code §13A-5-9. see, Ala.Code §13A-5-9 (before year 2000 amendment); see, Ala .Code §13A-5-9 (year 2000 amendment); &, §13A-5-9.1 (Act 2001-977);

WHEREFORE , premises considered, the Plaintiff **PRAYS** this Honorable Court **GRANTS** His 'Motion to Clarify' said 'facts held within this document to/for present and future reference with those matters as They become material.

*Tony Eugene Grimes*

T**O**NY EUGENE GRIMES

CERTIFICATE OF SERVICE

I CERTIFY I SERVED A COPY OF THE 'CLARIFY MOTION' ON THE COURT VIA U.S. MAIL ON MARCH 1,2006, FOR SERVICE UPON THE DEFENDANTS.

*Tony Eugene Grimes*

T**O**NY EUGENE GRIMES #148206
100 Warrior In.
Bess., Al. 35023

3.