IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| TONY EUGENE GRIMES, #148 206 | * | |
| Plaintiff, | * | |
| v. | * | 3:05-CV-1105-MEF |
| LEE COUNTY CIRCUIT COURT, *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

On March 6, 2006 Plaintiff filed a Motion to Clarify. Upon review of the motion, which the court construes as a Motion to Amend/Correct January 6, 2006 Recommendation (Doc. No. 3) and February 27, 2006 Order (Doc. No. 17) the undersigned concludes that the motion shall be granted in part and denied in part.

In ¶1 of the pending motion, Plaintiff complains that it was error for the court to use the term "non-violent offender" on page 2 of the January 6, 2006 Recommendation of the Magistrate Judge when referencing Ala. Code § 13A-5-9. (*See* Doc. No. 3, pg. 2.) Plaintiff makes the same complaint with regard to an order entered by the court on February 27, 2006. (*See* Doc. No. 17, pg. 2 fn.2.) By order entered March 16, 2006 the court directed the Clerk to substitute page 2 of the January 6, 2006 Recommendation with a page attached to the March 16 order which omits the reference to "non-violent offender" as objected to by Plaintiff. (*See* Doc. No. 21.) Thus, Plaintiff's request to correct the Recommendation on this point shall be denied as moot. The motion to amend/correct footnote 2 of the February 27,

2006 order shall be granted to the extent the term "non-violent offender," as used when referring to Ala. Code § 13A-5-9, requires deletion.

In ¶2 of the pending motion, Plaintiff objects again to the court's use of the term "non-violent offender" as found on page 3 of the January 6, 2006 Recommendation. The court referenced "non-violent, convicted offenders" in regard to Ala. Code § 13A-5-9.1. (*See* Doc. No. 3, pg. 3.)   This statute provides, in whole:

> The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each *nonviolent convicted offender* based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.

Ala. Code 1975 § 13A-5-9.1 (emphasis added).

As there was no error with regard to the court's reference to "non-violent convicted offender" in this respect, Plaintiff's request to correct the January 6 Recommendation and the February 27 order on this point shall be denied.

Accordingly, it is ORDERED that  Plaintiff's March 6, 2006 pleading, construed as a Motion to Amend/Correct the court's January 6, 2006 Recommendation and February 27, 2006 order (Doc.  No. 19), is GRANTED in part and DENIED in part as follows:

1. With regard to ¶1 of the Motion to Amend/Correct, the motion is DENIED as moot with respect to the  January 6, 2006 Recommendation for the reasons stated herein;

2. With regard to ¶1 of the Motion to Amend Correct, the motion is GRANTED with respect to the February 27, 2006 order to reflect that reference to the term "non-violent

offender" in regard to Ala. Code § 13A-5-9 as contained in footnote 2 of page 2 of the order is deleted;

3. With regard to ¶2 of the Motion to Amend/Correct, the motion is DENIED for the reasons stated herein.

Done, this 17th day of March 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED   STATES   MAGISTRATE   JUDGE