IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

TONY EUGENE GRIMES,                *

        Plaintiff,            *

vs.                                3:05- cv-1105-MEF

                           *

LEE COUNTY CIRCUIT COURT, et al.,
              Defendants. *

RECEIVED
2006 MAR 22 A 9:52

RULE 15(a) , Fed. R. Civ. P., AMENDMENT TO COMPLAINT
WITH RECONSTRUCTED EQUAL PROTECTION CLAUSE CLAIM

    Pursuant applicable Rules, Statutes, Practices or Procedures, the Plaintiff moves the Court for an amendment to His complaint with :

    The Plaintiff names the Defendants within this matter as: Jacob A. Walker III, Pamela A. Baschab, H.W. McMillan, Sue Bell Cobb, A. Kelli Wise, Greg Shaw, Champ Lyons, Drayton Nabers, Gorman Houston, Harold See, Jean Brown, Douglas I. Johnstone, Robert B. Harwood, Lyn Stuart, and Thomas A. Woodall. The Defendants are being sued under 42 U.S.C. §1983 in their official and individual capacity. The Plaintiff contends the Defendants, or as agents, have used their 'rule' making authority under 'Alabama Constitution of 1901, Article VI, §6.11' and 'Ala.Code, §12-2-7' to create a violation of the Equal Protection clause of the United States Constitution.

    The Defendants are administering 'rule(s)' that promulgate unequal treatment between similarly situated/classed recipients of the State statute(s) Ala.Code, §§13A-5-9.1 and 13A-5-9(c)(3)(pre-2000 amendment). There are two (2) 'rules' that makes the basis of the unequal treatment between recipients of Ala.Code, §13A-5-9(c)(3)(pre-2000 amendment), who received a life imprisonment without the possibility of parole sentence due to a conviction of a class A with three prior convictions and who are

classified as a violent offender by State Legislation. One 'rule' of the Defendants promulgates in pertinent parts:

> "Section 13a-5-9.1 directs the sentencing judge or presiding judge to apply the provisions of §13A-5-9 retroactively, thereby making the benefits of the 2000 amendment to the HFOA available to inmates who were sentenced pursuant to the HFOA before it was amended in 2000. Section 13A-5-9(c)(3), as amended in 2000 allows a sentencing judge to decide in certain circumstances whether a sentence of life imprisonment or life imprisonment without the possibility of parole is appropriate for a particular inmate."

see, Kirby v. State, 899 so.2d. 968,973 (Ala. 2004);

A second 'rule' of the Defendants promulgates in pertinent parts:

> "reading §13A-5-9.1 in conjunction with §13A-5-9, it is clear that a sentencing judge or a presiding judge can resentence only... classes of habitual offenders: those who had been sentenced to life imprisonment without the possibility of parole under the mandatory provisions of the HFOA upon conviction of a class A felony with no prior class A felony convictions;'...' Moreover, of those habitual offenders, the judge can resentence only those who are nonviolent offenders."

see, Kirby v. State, 899 so.2d. 968,974 (Ala. 2004);

The Defendants first 'rule' mentioned above offers a State created Liberty interests of: parole eligibility from parole ineligible, and a sentencing hearing due to retroaction of amended sentencing law procedure previously unavailable to Plaintiff. A difference in treatment occurs where the Plaintiff exercise His Constitutionally protected right to obtain the State created Liberty interests of parole eligibility from parole ineligible, and retroaction to the amended sentencing law procedure in which would direct a sentencing hearing.

Where the Plaintiff so exercise His right to take advantage of the benefits of the State created Liberty interests, the Defendants will apply the second 'rule' mentioned above or uphold application of the second 'rule' above. The Defendants will treat the Plaintiff different than

2

those similarly situated/classed under §13A-5-9(c)(3)(pre-2000 amendment) that had exercised their rights and obtained the Liberty interests benefits of parole eligibility from parole ineligible, and/or, the retroaction of the amended sentencing law procedure with a sentencing hearing.

The Defendants involvement conflicts with the Equal Protection clause of the Constitution by allowing use or using the latter 'rule' mentioned above to discriminatorily treat the Plaintiff where He moves to activate the State created Liberty interests of parole eligibility and retroaction for a sentencing hearing, when other similarly situated/ classed recipients received beneficial treatment after exercising the same Constitutional protections sought by the Plaintiff.

## RELIEF SOUGHT

*** The Plaintiff seeks a declaratory judgment that the 'rule' & practice by the Defendants in which apply unequal treatment upon Plaintiff for exercising His right to obtain the State created Liberty interests, where other similarly situated/classed as the Plaintiff received the different treatment upon invoking the State created Liberty interests, will conflict with the Equal Protection clause of the Constitution.

*** The Plaintiff seeks prospective injunction relief upon the Defendants practices/'rule' that conflict with the Equal Protection clause as referenced within this amendment to complaint.

3

```
                              SUBMITTED BY:
                              /s/ Tony Eugene Grimes
                              _____
                                      PLAINTIFF
```

### CERTIFICATE OF SERVICE

I CERTIFY ON THE 17 of MARCH, 2006, I FILED A COPY the 'RECONSTRUCTED RULE 15(a) AMENDMENT: EQUAL PROTECTION CLAUSE' UPON THE COURT AND FOR SERVICE TO THE DEFENDANTS VIA U.S. MAIL.

```
                              /s/ Tony Eugene Grimes
                              _____
                              TONY EUGENE GRIMES #148206
                                   100 WARRIOR LN.
                                   BESS., AL. 35023
```

4