IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

TONY EUGENE GRIMES, #148 206　　　　　*

　　　Plaintiff,　　　　　　　　　　　　*

　　　　　v.　　　　　　　　　　　　　　*　　　3:05-CV-1105-MEF
　　　　　　　　　　　　　　　　　　　　　　　　　　(WO)
LEE COUNTY CIRCUIT COURT, *et al.*,　*

　　　Defendants.　　　　　　　　　　　*

_____

**ORDER ON MOTION**

Pending before the court is a pleading filed by Plaintiff on March 22, 2006 styled as a *Rule 15(a), Fed.R.Civ.P., Amendment to Complaint With Reconstructed Equal Protection Clause Claim*. Upon consideration of the pleading, which the court construes as a motion to amend complaint under Rule 15(a), *Federal Rules of Civil Procedure*, and for good cause, the motion shall be denied for failing to state a claim of constitutional magnitude.

Plaintiff seeks once again to amend his complaint to assert a claim that Defendants are promulgating rules which operate to violate the Equal Protection Clause of the Fourteenth Amendment. Specifically, Plaintiff asserts that he is similarly situated with other inmates who were sentenced prior to the enactment of amendments to the Alabama Habitual Felony Offender Act, and yet Defendants, though the alleged use of two different "rules" set forth in *Kirby v. State*, 899 So.2d 968 (Ala. 2004), apply the amendment(s) to the benefit of "some similarly situated /classed recipients" but not to him has which has resulted in unequal treatment.

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on some constitutionally protected interest. *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979); *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986); *Kirby v. Siegelman*, 195 F.3d 1285 (11th Cir. 1999). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers, rather than against instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Inmates themselves do not constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment. Here, what Plaintiff complains of is his disappointment in not having his motion for reconsideration of his sentence pursuant to the amended habitual offender statute being granted because other allegedly similarly situated inmates have had their motions granted. Thus, Plaintiff regards this conduct as actionable unequal treatment. Nevertheless, Plaintiff does not allege that he has been subjected to any tangible unequal treatment by Defendants' conduct such as their decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting Plaintiff's motion to amend complaint do not rise to the level of a

constitutional violation, and the motion, therefore, is due to be denied. *E & T Realty Company v. Strickland*, 830 F.2d 1107 11th Cir. 1987) (mere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause); *Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929 (same).

In light of the foregoing ,and for good cause, it is

ORDERED that the Motion to Amend Complaint under Rule 15(a), *Federal Rules of Civil Procedure* (Doc. No. 28) be and is hereby DENIED.

Done, this 11th day of April 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE