IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **TONY EUGENE GRIMES,** | * |
| Plaintiff, | |
| | * |
| vs. | * 3:05-cv-1105-MEF |
| | * |
| LEE COUNTY CIRCUIT COURT, et al., | |
| Defendants. | * |

RECEIVED
2006 APR 19 A 9:34

### OBJECTIONS TO MAGISTRATE JUDGE APRIL 11, 2006 DENIAL OF AMENDMENT TO COMPLAINT

Plaintiff 'Objections' pursuant Rule 72, Fed.R.Civ.P. & applicable Practices and/or Procedures are as follow:

1. Within this Court's Document No. 28, viz. 'Amendment to Complaint with Reconstructed Equal Protection Clause claim', filed around March 22, 2006, the Plaintiff proffered a claim to align with the Eleventh Circuit's standard for establishing an Equal Protection clause claim.

2. The Eleventh Circuit requires the Plaintiff must allege He is [1] similarly situated with prisoners who received more favorable treatment; [2] His discrimiatory treatment was based on some constitutionally protected interest. see, Jones v. Ray, 279 F3d. 944,947 (11th cir. 2001); Damiano v. Florida Parole and Probation Com'n, 785 F2d, 929,932-33 (11th cir. 1986);

3. On March 30, 2006, within Document No. 34, this Court's Chief United States District Judge: Mark E. Fuller, stated in the Court's 'Order' that " the March 22, 2006 'Amendment Complaint' appears to represent Plaintiff's attempt to articulate a viable claim under the Equal Protection Clause".

4. The Plaintiff contends the magistrate judge intent on denying the 'Amendment with Reconstructed Equal Protection Clause claim' is clearly erroneous and contrary to law as stated with the facts in the 'Amendment Reconstructed' and law as held below:

### [A]. PLAINTIFF IS SIMILARLY SITUATED WITH PRISONERS WHO RECEIVED MORE FAVORABLE TREATMENT !!:

(I). the attached exhibit show some of the inmates that has received the benefit of a state created liberty interest of parole eligibility from parole ineligible;

(II). the Plaintiff & the inmates that received the benefit of the state created liberty interest of parole eligibility from parole ineligible, all were sentenced under Ala.Code §13A-5-9(c)(3)(before year 2000 amendment) to a Life Without the Possibility of Parole for a class "A" felony with three prior felony convictions;

(III). the Plaintiff & the inmates that received the benefit of the state created liberty interest of parole eligibility from parole ineligible, all are classified as violent offenders under the state law Ala.Code §12-25-32(12),(13);

(IV). the Plaintiff & the inmates that received the benefit of the state created liberty interest of parole eligibility from parole ineligible, has to/ had to file litigation with state courts to invoke application of state created liberty interest promulgated by the Defendants 'rules' in Kirby v. State, 899 so.2d. 968 (Al. 2004);

2.

### [B]. DEFENDANTS' DIFFERENTIAL TREATMENT BASED ON CONSTITUTIONALLY PROTECTED INTEREST :

(I). the Defendants differential/discriminatory treatment is based on the constitutionally protected interest under the Due Process clause of the 14th Amendment in the form of a state created liberty interest and the procedural due process afforded to the state created liberty interest. The Defendants has craftly devise two (2) 'rules' to apply the procedural due process in reference with the state created liberty interest so They can bestowed the state created benefit to whom They select and withhold the state created benefit from whom They select, even though the inmates are similarly situated/classed as the same.

(II). the Defendants discriminatory treatment is based on providing a state created benefit of parole eligibility from parole ineligible to inmates sentenced under Ala.Code §13A-5-9(c)(3)(pre- year 2000 amendment). The state created a benefit that became/becomes a constitutional liberty interest due to it affords opportunity to release for inmates that previously were condemned to a life of imprisonment without any chance for release.

(III). "When the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy... the liberty interest is created by the state". Kirby v. Siegelman, 195 F3d. 1285,1291 (11th. cir. 1999); An "objective expectation firmly fixed in state law and... practice...gave a liberty interest".Vitek v. Jones, 445 U.S. 480,490 (1980);Where a "state law granted petitioner a sufficient expectancy...entitled them to some measure of constitutional protection with respect to... decisions". Vitek v. Jones, 445 U.S. 480,489 (1980); " Once a state has granted prisoners a liberty interest... due process protections are necessary to insure that the state created right is not

arbitrarily abrogated". Vitek v. Jones, 445 U.S. 480, 488-89 (1980);" It is beyond dispute that state statutes and regulations may create liberty interest that are entitled to the procedural protections of Due Process Clause". Kirby v. Jones, 195 F3d. 1285, 1291 (11th cir. 1999);

(IV). With observing similarly situated/classed inmates as the Plaintiff receiving parole eligibility from parole ineligible and even observing some of those similarly situated/classed inmates being release from confinement by early parole via 'rule' implemented by the Defendants is an 'objective expectation' created by the state, its regulations & laws, viz. a state created liberty interest, in which Plaintiff would conclude to be bestowed upon Him when He apply for the same treatment as those similarly situated/classed inmates as Him has received.

(V). the Defendants are bestowing a constitutional protected interest, i.e. a state created liberty interest on inmates, yet at the same time applying a double standard implementation with the benefit to discriminate against the Plaintiff. The Plaintiff points out in His 'Amendment Complaint Reconstructed' at Doc. #28, that there are two (2) procedural due process implementation being applied to inmates that are classed the same by state law. One is where the state created liberty interest provides parole eligibility from parole ineligible, then early parole & release to inmates exactly situated as the Plaintiff. The other procedural due process is used where the Defendants & its agents implement upon inmates which They wish to disfavor/discriminate against where such inmates invokes litigation for the benefits, even though these inmates are similarly situated/classed as the same as those inmates They had given the state created benefit.

4.

## CONCLUSION

THE PLAINTIFF PRESENTS WITHIN THIS OBJECTION(S) THAT THE : magistrate judge recommendation to deny His 'Amendment to Complaint Reconstructed' is clearly erroneous & contrary to law as viewed with the Plaintiff's facts and this 'Document'. The Plaintiff states He can establish an Equal Protection Clause claim and this matter should be REFERRED back to the magistrate judge to serve the 'Amended Complaint' on the Defendants.

SUBMITTED BY:

*Tony Eugene Grimes*
Plaintiff

## CERTIFICATE OF SERVICE

I CERTIFY ON THE ___14TH___ OF APRIL, 2006, I SERVED A COPY OF THE 'OBJECTIONS TO MAGISTRATE JUDGE APRIL 11, 2006 ORDER' ON THE COURT AND FOR SERVICE UPON THE DEFENDANTS.

*Tony Eugene Grimes*
TONY EUGENE GRIMES #148206
100 WARRIOR LN.
BESS., AL. 35023

5.